LARRY KILBURY v. CLYDE McCONNELL

5-4839                                     438 S.W. 2d 692

Opinion Delivered April 1, 1969

*Lesly W. Mattingly* for appellant.

*Wright, Lindsey & Jennings* for appellee.

FRANK HOLT, Justice.    This is an action by a tenant against his landlord to recover damages for personal injuries.    The tenant, who is the appellant, slipped and fell when he stepped on some ice at the bottom of an outside stairway.    Appellant's complaint asserts that appellee, the landlord, was negligent in that the appellee failed to correct an unsafe condition which he knew to exist, or would have known to exist in the exercise of reasonable care.    After appellant presented his evidence and rested his case, the court directed a verdict in favor of the appellee.    This appeal comes from the judgment based on the directed verdict.

For reversal the appellant contends that the trial court erred in granting appellee's motion for a directed verdict on the basis that the appellee (landlord) had no duty to the appellant (tenant) to remove a natural accumulation of ice and snow from a common stairway or passageway.

The appellee's two-story apartment building consists of eight apartments, with four units on the ground level and four units on the second floor. The sole means of ingress and egress from appellant's second-floor apartment was a common stairway in the middle of the building from the second floor down to the main landing where the stairway splits to the left and right into separate stairways.    The incident occurred in February of 1966.    On the day before the accident there was a heavy

snowfall, however, it seems it had not snowed on the day appellant slipped and fell. At approximately 8 p.m. appellant, accompanied by a friend, proceeded down the first flight of stairs to the main landing. The stairway on the right, which appellant had traversed on three separate occasions following the snowfall, appeared to have retained the most snow on it so appellant decided to try the stairway on the left. According to appellant, as he stepped from the bottom step onto the landing he slipped on some ice causing him to fall which resulted in injuries to his neck, back and right elbow. Appellant testified that he descended the stairway very cautiously. Appellant's version of the conditions and the cause of the accident was corroborated by the friend who was accompanying him. Appellant made no effort to remove the natural accumulation of snow and ice, nor did he acquaint the appellee with the existence of this temporary hazard. In fact, appellee was first notified of the accident in July of 1966.

It is the contention of appellant that his landlord, the appellee, had a duty to remove the natural accumulation of snow and ice from the stairway which was for the common use of all the tenants and, this being true, there was substantial evidence, when viewed most favorably to the appellant, to make a jury question of negligence and constructive notice of the hazardous condition.

The courts which have considered the issue in the case at bar are divided. One line of authorities supports what is known as the Massachusetts rule which holds that a landlord is under no obligation to remove a natural accumulation of ice and snow from common passageways or areas retained in the landlord's control for the common use of his tenants. *Woods* v. *Naumkeag Steam Cotton Co.*, 134 Mass. 357, 45 Am. Rep. 344 (1883), and reiterated in *Spack* v. *Longwood Apartments, Inc.* 338 Mass. 518, 155 N.E. 2d 873 (1959). The reasoning is that there is no duty on the part of the land-

lord to the tenant to remove a temporary hazard such as ice and snow from common passageways. This common law, or Massachusetts rule, is based upon the premise that a duty to remove snow and ice from common passageways would subject the landlord to an unreasonable burden of vigilance and care and a landlord should not be responsible for such temporary natural hazards as the expected acts of nature over which he has no control and it would be unreasonable to require the landlord to be subjected to the duty of keeping a janitor on the premises at all times merely to insure the immediate removal of snow and ice.

The appellant ably and forcefully argues that we should adopt the Connecticut rule which he contends is the more modern and enlightened approach to this issue. Many courts have found favor with this rule which imposes upon the landlord the duty to exercise reasonable care with respect to keeping the premises free from accumulations of ice and snow. This duty of reasonable care is imposed upon the landlord where he had notice, actual or constructive, of such a temporary hazard and reasonable opportunity to correct it. *Reardon* v. *Shimelman*, 102 Conn. 383, 128 A. 705, 39 A.L.R. 287 (1925). The Massachusetts rule is expressly rejected by this case. See, also, Harper & James, Law of Torts, Vol. 2, § 27.17; Prosser, Law of Torts (2d Ed.) § 80; 32 Am. Jur., Landlord & Tenant, § 696.

In the recent case of *Pomfret* v. *Fletcher*, 208 A. 2d 743 (1965) the Supreme Court of Rhode Island considered the general or common law rule and the Connecticut rule and stated:

> "After consideration of the authorities on both sides of the question, we are of the opinion that the Massachusetts rule [common law rule] is preferable to the contrary rule in certain other jurisdictions regardless of numerical weight. We realize that it has met with sharp criticism in *Reardon* v. *Shi-*

*melman,* 102 Conn. 383, 128 A. 705, 39 A.L.R. 287, and *United Shoe Machinery Corp.* v. *Paine,* 1 Cir., 26 F. 2d 594, but we are not persuaded that such criticism has destroyed or seriously impaired the reasoning upon which the Massachusetts cases rest.''

See, also, *Durkin* v. *Lewitz,* 3 Ill. App. 2d 481, 123 N.E. 2d 151 (1954); 25 A.L.R. 2d 367, 446; 26 A.L.R. 2d 613; 25 A.L.R. 1301.

We have had occasion to consider the duty that a landlord owes to his lessee to keep the common passageway properly lighted on the premises. *Joseph* v. *Riffel,* 186 Ark. 418, 53 S.W. 2d 987 (1932). There a tenant sought to recover for damages suffered when he fell down an elevator shaft from an unlighted corridor. It was urged that this was a contributing factor to the tenant's injuries. We said:

> ''As between a landlord and tenant, the general rule is that, 'in the absence of statute or agreement, the landlord is under no legal obligation to light common passageways for the benefit of tenants.' 36 C.J., § 891, p. 214. In § 893 of the same work, it is stated: 'On the analogy of a lack of duty on the part of the landlord to light common passageways, it has been held that a landlord is not liable for injuries received by a tenant through the failure of the landlord to supply rails or guards when the condition was the same at the time of the letting.' ''

The appellant forcefully argues that we should now reject the import of this case and subscribe to the Connecticut view. Having previously held that a landlord is not obligated to light that portion of the premises reserved for common use, we cannot say that a landlord owes the duty to remove such temporary hazards as a natural accumulation of ice and snow from a common stairway. Such a distinction could not be supported

by logic or reason. There is no evidence in the case at bar of any agreement or assumption of duty that removes the appellant from the general rule to which we are committed.

Affirmed.