Mamie KNOX *v.* Billy GRAY, II

86-65                                                712 S.W.2d 914

Supreme Court of Arkansas
Opinion delivered July 21, 1986

*Gordon & Gordon, P.A.,* by: *Edward Gordon,* for appellant.

*Matthews & Sanders,* by: *Gail Matthews* and *Marci Talbot,* for appellee.

GEORGE ROSE SMITH, Justice. This is an action for personal injuries suffered by the plaintiff, Mamie Knox, when she fell as she was descending the two front-porch steps at the house she had been renting from the defendant, Billy Gray, II, for the preceding six months. The trial court sustained the defendant's motion for summary judgment, which was supported by affidavits and controverted by the plaintiff's affidavit. The appeal comes to us under Rule 29(1)(o).

It is important to state at the outset that the complaint does not allege a violation of any duty owed by Gray as landlord to Mrs. Knox as his tenant. Instead, the complaint specifically asserts that Gray was the owner of the premises, that the plaintiff was an invitee, and that Gray was negligent in failing to furnish

the plaintiff a safe place to descend from the porch to the ground. The proof is that the steps were decidedly unstable, consisting of boards laid loosely across concrete blocks near each end.

The trial judge was right, because the plaintiff was not an invitee as a matter of law, no issue of fact being presented. A tenant has the exclusive right to possession of the property and thus, with regard to third persons, occupies a position on a parity with that of an owner and precisely opposite to that of an invitee. Chapter 11 of AMI, which treats this subject, is entitled "Owners and Occupiers of Land." The pertinent instructions state that an owner *or* occupant of land owes certain duties to a trespasser, a licensee, and an invitee. AMI Civil 2d, 1102, 1103, and 1106 (1974). In *DeVazier* v. *Whit Davis Lbr. Co.*, 257 Ark. 371, 516 S.W.2d 610 (1974), we discussed the duties owed to an invitee or licensee by the occupier or possessor of land.

Counsel for the appellant, in insisting that a tenant can also be an invitee, italicize the word "tenants" in this quotation from Prosser: "Thus salesmen, workmen seeking employment, or prospective purchasers or *tenants* of land are considered invitees when they come to a place which they have good reason to believe to be open for possible dealings with them. . . ." Prosser, Torts, 390 (4th ed. 1971). Prosser, however, was speaking not about tenants but about prospective tenants. All five of the cases cited to support the reference to tenants involved plaintiffs who were injured while they were inspecting premises with a view to renting them.

The duties owed by a landlord to his tenant are determined by principles quite different from those applicable to the owners or occupiers of land and their invitees. Upon the undisputed facts the plaintiff is not in a position to invoke the protection owed by a landowner to an invitee.

Affirmed.

HOLT, C.J., not participating.