■ ETHELYN NEWSOME et al., Appellants, v DONNA CSERVAK et al., Respondents.—In an action to recover damages for personal injuries, etc., the plaintiffs appeal from a judgment of the Supreme Court, Dutchess County (Benson, J.), entered July 16, 1985, which is in favor of the defendants Mid-Hudson Mall Associates and Muss-Tankoos Corporation, upon the granting of their motion pursuant to CPLR 4401 for judgment as a matter of law, made at the close of the evidence and in favor of the defendants Richard Cservak, Donna Cservak and Lee Wilson, upon a jury verdict.

Ordered that the judgment is affirmed, with one bill of costs payable to the respondents appearing separately and filing separate briefs.

It is fundamental that a party in possession or control of real property may be held liable for a hazardous condition created on its premises as the result of the accumulation of snow or ice during a storm only after the lapse of a reasonable time for taking protective measures subsequent to the cessation of the storm (Valentine v City of New York, 86 AD2d 381, affd 57 NY2d 932; Falina v Hollis Diner, 281 App Div 711, affd 306 NY 586; Rothrock v Cottom, 115 AD2d 242; Moorhead v Hummel, 36 AD2d 682, 683). All of the evidence presented

by the plaintiffs in this case indicated that the accident in question occurred while the storm was still in progress. Accordingly, the defendants Mid-Hudson Valley Mall Associates and Muss-Tankoos Corporation could not be held at fault for the alleged hazardous condition of snow and ice on the exit ramp to the South Hills Mall which was created by the storm *(see, Falina v Hollis Diner, supra; Rothrock v Cottom, supra; Moorhead v Hummel, supra).*

The plaintiffs contend that even if there is no affirmative legal duty to correct hazardous conditions created on one's premises by the accumulation of ice and snow during a storm until after the cessation of the storm, the jury could still have reasonably found the defendants Mid-Hudson Mall Associates and Muss-Tankoos Corporation liable because there was evidence that they failed to follow a self-imposed policy of sanding and salting the parking lot and entrance roads to the mall as soon as they found that the ground was becoming slippery. Accordingly, the plaintiffs submit that the trial court erred in granting these defendants judgment as a matter of law. This argument is meritless since there is no basis for the proposition that a party may be held liable for failing to follow a policy which it has adopted voluntarily, and without legal obligation, especially when there is no showing of detrimental reliance by the plaintiffs on the defendants following that policy *(cf., Prosser and Keeton, Torts § 56, at 380-381).*

The plaintiffs made no objection to the court's charge which instructed the jury that in light of the dismissal of the case against the defendants Mid-Hudson Mall Associates and Muss-Tankoos Corporation, they were to disregard certain evidence which had been presented to them. On appeal, for the first time, they argue that this court should set aside the verdict in favor of the defendants Cservak and Wilson because it was based on an "incomplete and deficient set of facts" due to the dismissal of the case against the other defendants. This contention is not properly before this court *(see, Lavine v Lavine, 127 AD2d 566; Risucci v Homayoon, 122 AD2d 260).* In any event, it is without merit since the jury was not prevented from considering any evidence relevant to the plaintiffs' case against the defendants Cservak and Wilson. Mollen, P. J., Thompson, Brown and Rubin, JJ., concur.