## Jeannie GLASGOW v. CENTURY PROPERTY FUND XIX

89-112                                      772 S.W.2d 312

### Supreme Court of Arkansas
### Opinion delivered June 19, 1989

*Dodds, Kidd, Ryan & Moore,* by: *Donald S. Ryan,* for appellant.

*Barber, McCaskill, Amsler, Jones & Hale, P.A.,* for appellee.

DAVID NEWBERN, Justice. Jeannie Glasgow, the appellant, slipped, fell, and was injured on a snow-covered walkway at an apartment complex, owned by the appellee, Century Property Fund XIX (Century), where Ms. Glasgow was a tenant. She sued Century claiming her injury was caused by Century's failure to close the hot tub area at the apartment complex while the snow was on the ground. The trial court granted Century's summary judgment motion. The sole issue is whether Century, by virtue of its lease with Ms. Glasgow, had a duty to close the hot tub. We agree with the trial court's decision that it undertook no such

duty, and thus we affirm.

■■ A tenant is not an invitee on her landlord's premises but has a right equal to that of the landlord to exclusive possession of the property. *See Knox* v. *Gray*, 289 Ark. 507, 712 S.W.2d 914 (1986). In *Kilbury* v. *McConnell*, 246 Ark. 528, 438 S.W.2d 692 (1969), we adopted the Massachusetts rule to the effect that a landlord has no duty to a tenant to remove common hazards such as ice or snow from the parts of the premises in common use by tenants. We noted there that there was "no evidence in the case . . . of any agreement or assumption of duty that removes" the landlord from the general rule. Thus, if Century had any duty toward Ms. Glasgow in these circumstances, it must have been spelled out in the lease.

The provision in the lease on which Ms. Glasgow relies states that the tenant will abide by written rules incorporated into the lease. The document entitled "Apartment House Rules" provided in its opening paragraph that the rules are for the tenants' protection, and "[m]anagement reserves the right to take whatever steps may be necessary to enforce" the rules. Rule 9, entitled "Pool Rules" provided:

> Swimming pool hours and rules are posted in the immediate pool area. These rules must be observed for the safety of all tenants and guests. Children may swim only when accompanied by an adult, and only between the hours of 10:00 a.m. to 12:00 noon. No more than two guests per apartment are allowed in the pool area, and they must be accompanied by the tenant they are visiting.

Nothing in the cited rules mentions the hot tub area. Even if we could assume the hot tub was in the vicinity of the swimming pool, the rules do not require Century to close the pool area when the weather is inclement.

■■ The trial judge was correct; because Century had undertaken no duty to Ms. Glasgow to close the hot tub there could be no remaining genuine issue of material fact to be tried. Ark. R. Civ. P. 56. Thus, summary judgment was appropriate.

Affirmed.