605 So.2d 727 (1992)
Shirley JOHNSON
v.
Wendall BOYDSTON, d/b/a Village Inn Motel, a Sole Proprietorship.
No. 07-CA-59630.
Supreme Court of Mississippi.
March 25, 1992.
Rehearing Denied September 10, 1992.
*728 David G. Hill, Craig Hill White & Minyard, Oxford, John Paul Barber, Arlington, Va., for appellant.
Ronald L. Roberts, Mitchell McNutt Threadgill Smith & Sams, Columbus, for appellee.
Before ROY NOBLE LEE, C.J., and BANKS and McRAE, JJ.
EN BANC
ROY NOBLE LEE, Chief Justice, for the court:
This slip and fall case was filed by Shirley Johnson and Olen Johnson, her husband, in the Circuit Court of Winston County, Mississippi. The suit alleged personal injuries sustained by Shirley Johnson and loss of consortium on the part of Olen Johnson against Wendall Boydston d/b/a Village Inn Motel, a sole proprietorship. The lower court granted Boydston's motion for summary judgment and dismissed the suit. The Johnsons have filed an appeal to this Court and present the following issues for decision:
I. THE LOWER COURT ERRED BY REFUSING TO RECOGNIZE THAT THE VILLAGE INN IS LIABLE TO SHIRLEY JOHNSON FOR THE INJURIES SHE SUSTAINED AS A RESULT OF THE UNREASONABLY DANGEROUS CONDITION OF THE STAIRWAY.
II. THE VILLAGE INN BREACHED ITS DUTY TO USE ORDINARY CARE IN KEEPING ITS PREMISES IN A REASONABLY SAFE CONDITION.
III. SUMMARY JUDGMENT WAS NOT APPROPRIATE IN THIS CASE DUE TO THE EXISTENCE OF GENUINE ISSUES OF MATERIAL FACT.

FACTS
Shirley Johnson, aged 51 at the time, answered the call to report for jury duty in Winston County the week of March 30, 1987. The circuit court seated Johnson as a juror on a murder case, which required that the jury be sequestered for that entire week. Court officials arranged with Wendell Boydston, owner and operator of the Village Inn Motel in Louisville, for the jurors to be housed there for the duration of the trial. Jurors and the two court bailiffs occupied the entire front side of the second floor of the motel. In addition to the lodging provided, the Village Inn Motel provided the jurors with breakfast.
Winter lingered on later than usual in 1987, and, on Thursday, April 2, 1987, it began to snow in Louisville sometime during the afternoon, continuing into the night. As a result, eventually one to two inches of snow accumulated on the ground. The next morning, as the jurors prepared for another day in Court, Shirley Johnson noticed the accumulation of snow outside the motel. She told her female roommate that she was changing her shoes, since she expected conditions outside to be slippery. She told the other woman that she also should change her shoes. Mrs. Johnson went outside the motel room and met three other jurors, who were preparing to descend the stairs from their second-floor rooms. Although the walkway outside the rooms was covered by the roof, the stairway extended out from the roofed portion of the building and was not itself covered.
Johnson noticed that there was snow on the steps and that water was dripping from the roof onto the top steps. She told one of the other jurors, an elderly gentleman, to be careful going down the steps. She and another female juror then began going down the steps side by side. Although Johnson held onto the handrail as she began her descent, she slipped on the first or second step, lost her grip on the handrail and fell all of the way to the bottom of the stairway. Her knee was skinned and beginning to turn blue after the fall, she experienced discomfort in her back and legs throughout the rest of the trial, and *729 she did not sleep well on the following night. Other jurors could see that she was in discomfort and heard her ask for pain medication. Although she was able to finish her jury service which ended the following day, she called her doctor that day, Saturday, April 3, 1987, since she was still experiencing pain in her back and legs. She later received treatment for injuries, which she described in her response to Boydston's motion for summary judgment as severe lumbosacral strain, contusion of the lower back and hematoma of the right lower leg.
Johnson filed the complaint to institute this suit on September 16, 1987, joined by her husband Olen Johnson's complaint for loss of consortium. Johnson sought $150,000 in compensatory damages, her husband sought $75,000 in compensatory damages and they demanded a jury trial. The complaint alleged that the design of the building was faulty since it allowed water to drip directly on the steps, creating a more dangerous (icy) condition and further alleged that Boydston breached his duty to maintain safe premises by allowing the accumulated snow to remain on the steps, the only means of ingress and egress to and from the second-floor motel rooms.

LAW

I., II., AND III.
The issues in this case will be discussed together: (1) the lower court erred in refusing to hold the Village Inn liable because of the unreasonably dangerous condition of the stairway; (2) the appellee had a duty to use ordinary care in keeping the premises in a reasonably safe condition and; (3) summary judgment was not appropriate due to the existence of genuine issues of material fact.
The rule has long been recognized in this state that an owner or occupier of land owes his business invitees the duty to exercise reasonable care to keep the premises safe or warn the invitee of the dangerous premises, if the condition is not readily apparent to the invitee. Biloxi Regional Medical Center v. David, 555 So.2d 53, 56 (Miss. 1989); Lucas v. Buddy Jones Ford Lincoln Mercury, Inc., 518 So.2d 646, 648 (Miss. 1988); Stanley v. Morgan & Lindsey, Inc., 203 So.2d 473, 475 (Miss. 1967) and a multitude of other cases state the principle. Also it is well recognized that "the owner or occupant is not the insurer of the premises." Jerry Lee's Grocery, Inc. v. Thompson, 528 So.2d 293, 295 (Miss. 1988) (citing Kroger, Inc. v. Ware, 512 So.2d 1281 (Miss. 1987); First National Bank of Vicksburg v. Cutrer, 214 So.2d 465 (Miss. 1968); Daniels v. Morgan & Lindsey, Inc., 198 So.2d 579 (Miss. 1967). However, the facts in the case at bar are different from the cases stating the afore-mentioned rules. Likewise, the facts in this case more strongly support a cause of action than those in Goodwin v. Derryberry Co., 553 So.2d 40 (Miss. 1989), where this Court found that liability was a question for the jury.
In the case at bar, Mrs. Johnson was a juror in a murder case when the jury was sequestered for the night. The jurors were invitees and houseguests of the Inn. Snow fell during the night and jurors, being housed on the second floor of the Inn, had only one route for descending to the ground floor  by the uncovered, exposed stairs. The snow had covered the stairs and handrails, and water was running from the roof of the Inn, dripping onto the stairs and into the snow. The appellee knew his guests were housed on the second floor; he knew that they had to descend to the ground floor; and he knew, or should have known, that it had snowed and that water was running off the roof onto the stairs, either partially melting or partially freezing under the snow. The appellee had the duty to use reasonable care to provide a safe place and facility for his guests to descend from the second floor.
In Picard v. Waggoner, 204 Miss. 366, 37 So.2d 567 (Miss. 1948), this Court addressed the duty of an innkeeper to provide safe ingress and egress for his guests. The Court stated:
It is, of course, the duty of the keeper of a lodging house where guests are received for hire to use reasonable care to *730 provide the guest with reasonably safe means of ingress and egress, and when sufficient and suitable means have been designated and supplied for this purpose, the keeper is not under duty to any guest to maintain the entire premises in a safe condition but only such other parts as by invitation or customary use to the knowledge of the keeper the guest would be reasonably expected to go. 43 C.J.S., Innkeepers, § 22, page 1180, 28 Am.Jur. p. 579, and cases cited.
Id. at 567.
We are of the opinion that the lower court erred in granting summary judgment in favor of the appellee and dismissing the complaint. Therefore, the judgment of the lower court is reversed and the cause is remanded for a full evidentiary trial on the merits.
REVERSED AND REMANDED.
HAWKINS and DAN M. LEE, P.JJ., and PRATHER, ROBERTSON, SULLIVAN, PITTMAN, BANKS and McRAE, JJ., concur.

ON PETITION FOR REHEARING
BANKS, Justice, for the Court:
This matter is before the Court on a petition for rehearing that raises the single issue of whether the claim of Olen Johnson for loss of consortium is before this Court on appeal. We hold that it is, and because the issue put by these circumstances has not previously been addressed by this Court, we express our reasons in this supplementary opinion.

I
This is a lawsuit arising out of a slip and fall on icy steps at a motel. Plaintiffs are Mrs. Shirley Johnson, who was injured, and her husband, Olen Johnson, claiming loss of consortium. Summary judgment was granted in favor of defendant based solely on the question of whether defendant was liable to Shirley under the circumstances. A notice of appeal was filed, which identified only Shirley as the party taking the appeal. Nevertheless, at all times subsequent, until the filing of appellee's brief, which by footnote, noted that Olen Johnson was not named in the notice and expressed the conclusion that he, therefore, had not appealed, the parties and this Court treated the matter as an appeal for both. Counsel entered appearance for both, the Court styled the case for both when it gave notice that the record had been filed. Mr. Johnson was listed as a party with an interest in appellant's brief and all correspondence referred to Shirley Johnson, et al. After appellee's brief was filed, Olen filed a motion for leave to appeal out-of-time or for alternative relief. That motion was denied by a single judge, acting for the Court.
The deciding panel of this Court, nevertheless, treated the appeal as one on behalf of both parties and reversed and remanded. The notice issue is not addressed in the opinion previously issued. We simply state in the first paragraph that "[t]he Johnsons have filed an appeal... ."

II
Boydston relies upon an opinion of the United States Supreme Court construing provisions of the Federal Rules of Appellate procedure which are similar, and for present purposes, identical to our rules. See, Miss.Rules of Civil Pro.Rule 3(c); Rule 3(c) FRCP. In Torres v. Oakland Scavenger Co., 487 U.S. 312, 108 S.Ct. 2405, 101 L.Ed.2d 285 (1988), the Court settled divergent views among the circuit courts of appeal by deeming jurisdictional the requirement that all parties to an appeal be specifically named in the notice.
The Court reasoned that naming the parties appealing was an essential part of the notice, and, therefore, not subject to the "broad equitable discretion" accorded the Court in the rules for other failures of compliance. Id. at 314-315, 108 S.Ct. at 2407-2408. Applying its reasoning, the Court affirmed a summary judgment entered against a party on remand, where it appeared that, although he was one of 16 intervening plaintiffs aggrieved by dismissal of their complaint in intervention, his name had been omitted from the notice of *731 appeal by clerical error. The Court rejected the suggestion that including the phrase "et al." was sufficient, noting that the term translates literally to "and others" and does not therefore, sufficiently identify the parties taking the appeal. Id. at 318, 108 S.Ct. at 2409. Finally, the Court noted that "the harshness of our construction is `imposed by the legislature and not by the judicial process.'" Id.
Justice Brennan dissented, terming the decision at odds with the doctrine of liberal construction of the rules which "reject the approach that pleading is a game of skill in which one misstep by counsel may be decisive to the outcome and accept the principle that the purpose of pleading is to facilitate a proper decision on the merits." Id. at 320, 108 S.Ct. at 2410, Brennan, dissenting. In essence, Justice Brennen opted for treating the rule as not jurisdictional and resolving the issue by reference to whether the opposing party received fair notice of what it was called upon to defend on appeal, and whether it was prejudiced. Id. at 324, 108 S.Ct. at 2412.
Prior to Torres, the United States Court of Appeals for the Fifth Circuit had been among the circuits taking the more liberal approach. In Ayers v. Sears, Roebuck & Co. 789 F.2d 1173 (5th Cir.1986), that court rejected a challenge to the viability of the appeal on behalf of a plaintiff not named where the notice was on behalf of another plaintiff "et al., Plaintiffs above named ..." and where the appellant challenged was not among the plaintiffs "above named." The court noted that it was among the circuits giving Rule 3(c) a broader application
when satisfied that there was no surprise, detrimental reliance, or prejudice to appellees because one or more parties had not been listed by name in the notice of appeal. Typically, the cases involved an identity of issues in the appeals of the named and unnamed appellants.
789 F.2d at 1177. The court found no basis for surprise, detrimental reliance, or prejudice because of the use of et al.
We are, of course, unlike the Torres court, not bound by a legislative choice for harshness, as our rules are self generated. Order Adopting the Mississippi Rules of Civil Procedure, Mississippi Cases, 395-397 So.2d 1 (Miss. 1981); see also Miss. Rules of Court, p. 9 (1991); Order in the Matter of the Adoption of the Miss.Sup.Ct. Rules, Mississippi Rules of Court, p. 307 (1991). Nor are we bound by pronouncements of the United States Supreme Court or other federal courts with regard to the federal rules simply because the language is identical. Goodson v. State, 566 So.2d 1142, 1152 (Miss. 1990). This is especially so where the pronouncement comes after adoption of our rules. While the reasoning of the federal courts with respect to similar rules' provisions are given due regard; their authority is persuasive only. Marcum v. Mississippi Valley Gas, 587 So.2d 223, 227 (Miss. 1991); McGee v. State, 569 So.2d 1191, 1196 (Miss. 1990); Foster v. State, 508 So.2d 1111, 1117, n. 3 (Miss. 1987).
We opt for the broader reading of Rule 3(c). Where, as here, the issues are identical and there is no surprise, detrimental reliance, or prejudice, and where it is reasonably clear that the omission of the name was an oversight, notice of appeal by one injured party is sufficient to notice of appeal for a spouse's consortium claim.
The petition for rehearing is denied.
ROY NOBLE LEE, C.J., HAWKINS and DAN M. LEE, P.JJ., and PRATHER, SULLIVAN, PITTMAN and McRAE, JJ., concur.