■ LINDA A. AMAZON et al., Respondents-Appellants, v BRITISH AMERICAN DEVELOPMENT CORPORATION et al., Appellants-Respondents, and CLOVER ARCHITECTURAL GROUP, P. C., Respondent-Appellant. [628 NYS2d 204] —Mercure, J. (1) Appeal from an order of the Supreme Court (Lynch, J.), entered January 27, 1994 in Schenectady County, which, *inter alia*, denied motions by defendants British American Development Corporation and Barry, Bette & Led Duke, Inc. for summary judgment dismissing the complaint against them, and (2) cross appeals from an order of said court, entered August 12, 1994 in Schenectady County, which, upon reconsideration, adhered to its prior decision.

Plaintiffs brought this negligence action to recover for injuries sustained by plaintiff Linda A. Amazon (hereinafter plaintiff) on January 12, 1989 when she slipped and fell on a concrete traffic island in the parking lot at her place of employment. Just prior to the occurrence, which took place during a severe ice storm, plaintiff had driven to a drive-through fast-food restaurant, purchased her lunch and returned to work. The accident took place as plaintiff was walking across the ice-covered parking lot en route from her car to the office building. Defendant British American Development Corporation is the owner of the property on which the accident occurred. The subject parking lot and traffic island were designed by defendant Clover Architectural Group, P. C. and constructed by defendant Barry, Bette & Led Duke, Inc. (hereinafter BBL). Plaintiffs' general theory of liability is that British American was negligent in failing to clear, salt or sand or give adequate warning of the accumulation of snow and ice on the parking lot and that the traffic island was negligently designed, constructed and maintained for use as a pedestrian walkway, with excessive slopes and an improper surface treatment.

Following joinder of issue, discovery and the filing of a note of issue, British American moved and Clover and BBL each cross-moved for summary judgment dismissing the complaint. In view of the submission of evidence that the design of the parking lot called for no more than a 5% slope, which Supreme Court concluded was not excessive, but that the actual slope of the constructed traffic island exceeded the design by 27%, Supreme Court granted summary judgment in favor of Clover but not BBL. As for British American, Supreme Court found that, by spreading salt or sand during the storm, it voluntarily

assumed a duty to plaintiff, creating a factual issue as to whether it thereby "lulled plaintiff into a false sense of security". Plaintiffs appeal the grant of summary judgment in favor of Clover, while British American and BBL appeal the denial of their motion and cross motion, respectively.

BBL, British American and plaintiffs thereafter moved and cross-moved for renewal or reargument of the motions on the basis of the discovery of a change order concerning the installation of parking lot curbing in a location near the traffic island where plaintiff fell. Supreme Court granted renewal but adhered to its prior determination following reconsideration, finding that there was no competent evidence of a causal connection between the new curbing and the final slope of the traffic island. Plaintiffs and BBL appeal Supreme Court's adherence to its prior order, and Clover appeals from so much of Supreme Court's order as granted renewal in the first instance.

Initially, we agree with Supreme Court's determination to deny BBL's summary judgment motion but to grant summary judgment in favor of Clover. Plaintiffs submitted the opinion of their expert, professional engineer Lance Manus, that because the plans prepared by Clover lacked specific detail concerning the proposed grade of the subject traffic island, BBL was required to construct it in accordance with the specification of the site plan for an overall grade of 5%. However, it appears that BBL actually constructed the traffic island with a longitudinal slope of 6.35%. Although Manus found no fault with a 5% grade, he indicated that slopes *greater than* 5% are classified as ramps, calling for special design requirements such as fixed handrails. Therefore, the opinion continues, as constructed, the traffic island failed to conform to specified industry standards. Further, BBL erected the traffic island with a "broom finish" which, Manus opined, was also contrary to industry standards because the corrugated lines thus made to run across the longitudinal slope caused the surface to trap and hold water and become icy in cold weather. We conclude that, although no factual issue was raised by Manus' unsupported and conclusory opinion that Clover was negligent in failing to specify the slope and surface treatment of the traffic island (*see, Putrino v Buffalo Athletic Club*, 82 NY2d 779; *Amatulli v Delhi Constr. Corp.*, 77 NY2d 525, 533-534, n 2), his averments were sufficient to create a factual issue as to BBL's negligence.

We are also unpersuaded that Clover's purported obligation to supervise and approve BBL's work provided an additional basis for liability. The relevant provisions of the contract between Clover and British American require only that Clover

"become *generally familiar* with the progress and quality of the Work and to determine *in general* if the Work is proceeding in accordance with the Contract Documents" (emphasis supplied). Notably, the contract also provides that Clover "not be required to make exhaustive or continuous on-site inspections to check the quality or quantity of the Work" and "shall not have control or charge of and shall not be responsible for construction means, methods, techniques, sequences or procedures * * * or for the failure of [the Contractor] to carry out the Work in accordance with the Contract Documents". We agree with Supreme Court that the relevant contract provisions created no liability in favor of third parties (*see, Jaroszewicz v Facilities Dev. Corp.*, 115 AD2d 159).

However, we conclude that Supreme Court erred in its determination with regard to British American. Our reading of the record on appeal discloses no competent evidence to support Supreme Court's conclusion that plaintiff may have detrimentally relied on sanding or salting activity that took place on the premises during the storm (*see, Newsome v Cservak*, 130 AD2d 637). According to plaintiff's deposition testimony, she observed evidence of salting or sanding in the immediate vicinity of the door she used to enter and exit the building but nowhere else. Further, it is clear from plaintiff's testimony that upon her return from the restaurant she was aware of the extremely slippery condition of the parking lot. In fact, she testified that she observed another employee slip, begin to fall and then catch himself just prior to her own fall. In the absence of any evidence of plaintiff's detrimental reliance, the issue of British American's liability is governed by the general principle that an owner is under no obligation to correct a storm-related ice and snow condition while the storm is still in progress (*see, Fusco v Stewart's Ice Cream Co.*, 203 AD2d 667; *Porcari v S.E.M. Mgt. Corp.*, 184 AD2d 556; PJI 2:111A.1 [1995 Supp]).

Finally, even accepting the questionable premise that the change order providing for the installation of 72 feet of curbing constituted newly discovered evidence, we agree with Supreme Court that there is no competent record support for BBL's argument (or its expert's speculation) that the installation of the curbing necessitated a change in the designed grade of the traffic island. Accordingly, having granted renewal, Supreme Court properly adhered to its prior determinations. The parties' remaining contentions have been considered and found lacking in merit or are academic in view of our determination on the foregoing issues.

Mikoll, J. P., Crew III, Casey and Yesawich Jr., JJ., concur. Ordered that the orders are modified, on the law, without costs, by reversing so much thereof as denied the motion by defendant British American Development Corporation for summary judgment; said motion granted, summary judgment awarded to said defendant and complaint dismissed against it; and, as so modified, affirmed.