■ TERRY A. ZIMA et al., Respondents, v NORTH COLONIE CENTRAL SCHOOL DISTRICT, Appellant. [639 NYS2d 558] —Mikoll, J. P.

Plaintiffs brought this negligence action to recover for injuries sustained by plaintiff Terry A. Zima on January 30, 1991 when he slipped and fell on a patch of ice on the sidewalk in front of the main entrance to Boght Hills Elementary School in the Town of Colonie, Albany County, at about 6:30 P.M. The record indicates that at 4:00 P.M. that day, the rain that had been falling for most of the day changed to freezing rain. According to defendant's custodian, he salted the walkway in question at 2:30 P.M., 5:00 P.M. and 7:00 P.M. A basketball game was scheduled at the school that evening and Zima decided to bring his son to the game after his wife called the school to ascertain that the event had not been canceled due to the "threat of inclement weather conditions". Following joinder of issue in this action, defendant moved for summary judgment dismissing the complaint. Supreme Court denied the motion and this appeal by defendant followed.

We reverse. Defendant maintains that it cannot be liable for plaintiffs' injuries as a matter of law because its duty as a property owner to keep the sidewalk clear of ice was suspended until a reasonable time after the cessation of the inclement conditions (*see, Newsome v Cservak*, 130 AD2d 637; *see also,*

*Amazon v British Am. Dev. Corp.*, 216 AD2d 702, 704). Supreme Court denied defendant's motion, however, based on the fact that it found questions of fact on the record as to the issue of whether there was actually a "storm in progress" at the time Zima fell. We find from the proof in the record that, although it is clear that no major winter storm occurred at the time of the accident, the undisputed proof sufficiently establishes the existence of an ongoing hazardous weather condition that defendant was under no obligation to correct until a reasonable time after it had ended (*see, Downes v Equitable Life Assur. Socy.*, 209 AD2d 769). Here, not only does the weather report in the record confirm the existence of icy conditions on the day in question, Zima acknowledges in his deposition testimony that an icy rain was falling when he drove home from work and also when he drove to the school for the game.

Thus, the question distills to whether defendant's salting activities in the midst of this icy rain affirmatively increased the existing hazard or otherwise caused Zima to detrimentally rely upon them (*see, Amazon v British Am. Dev. Corp., supra,* at 704; *Newsome v Cservak, supra; see also, Mills v Farwin Realty Corp.*, 30 AD2d 537, *appeal dismissed* 23 NY2d 897). Notably, although plaintiffs argue that defendant failed to completely cover the sidewalk with salt, this fact, even if true, does not establish defendant's liability since the "failure to get all the snow and ice off the walk is not negligence" (*Herrick v Grand Union Co.*, 1 AD2d 911; *see, Nevins v Great Atl. & Pac. Tea Co.*, 164 AD2d 807, 808). Notably, other than implying that defendant's salting activities were incomplete or insufficiently frequent, plaintiffs presented nothing that would establish that defendant's methods actually *increased* the natural hazards of the ice. Moreover, although plaintiffs also imply that Zima detrimentally relied upon assurances that the basketball game was to go on as scheduled, as well as defendant's sanding activities, we find no evidence of reliance given Zima's admitted awareness of the icy rain coupled with his statement that he saw ice on the sidewalk prior to his fall and actually slowed his pace as a result (*see, Amazon v British Am. Dev. Corp., supra*, at 704).

Crew III, Casey, Yesawich Jr. and Peters, JJ., concur. Ordered that the order is reversed, on the law, with costs, motion granted, summary judgment awarded to defendant and complaint dismissed.