■ KATHIE MICHELER, Appellant, v PHILLIP GUSH, Respondent. [684 NYS2d 297] —Yesawich Jr., J. Appeal from an order of the Supreme Court (Ellison, J.), entered August 6, 1997 in Chemung County, which granted defendant's motion for summary judgment dismissing the complaint.

Plaintiff sustained a fracture of her left leg when she slipped and fell on an icy step at a rental property, owned by defendant, located at 919 Grand Central Avenue in the City of Elmira, Chemung County. Although plaintiff alleged a variety of defects in the stairs upon which she fell, the record establishes that the proximate cause of her fall was the ac-

cumulation of ice on the steps. Plaintiff testified that while she was en route to the premises, at approximately 7:00 A.M., it was raining lightly and turning colder. When she left the apartment, about two hours later, it was still "drizzling" and she observed water dripping from the roof onto the steps, which appeared wet. As she began to descend the stairs, her foot "hit * * * ice", causing her to fall.

After issue was joined and depositions conducted, defendant moved for summary judgment arguing that the "storm in progress" doctrine precludes the relief sought by plaintiff. Supreme Court granted defendant's motion and this appeal ensued.

We affirm. Inasmuch as the ice on which plaintiff slipped was produced by winter weather conditions—namely, a drizzling rain coupled with falling temperatures—which were ongoing at the time of the accident, defendant cannot be held liable for plaintiff's injuries merely because he failed to remove the ice (*see, Zima v North Colonie Cent. School Dist.*, 225 AD2d 993, 994; *Fusco v Stewart's Ice Cream Co.*, 203 AD2d 667, 668). Although liability can ensue when a landowner has affirmatively created or exacerbated a hazardous condition (as, for example, where remedial efforts have actually increased the danger [*see, Zima v North Colonie Cent. School Dist., supra*, at 994]), there is no indication in this record that defendant took any affirmative action whatsoever that caused or contributed to the buildup of ice. Indeed, even plaintiff's own bill of particulars refers only to defendant's failure to "stop" or "prevent" the formation of ice, not to any action that exacerbated that condition.

And, absent probative evidence that the failure to install an eaves trough over this entranceway was unreasonable or violative of any standard—significantly, the record is devoid of expert proof bearing out this hypothesis (*compare, Amazon v British Am. Dev. Corp.*, 216 AD2d 702, 703)—liability cannot be predicated on that claimed defect. Accordingly, Supreme Court did not err in dismissing the complaint.

Mercure, Crew III and Peters, JJ., concur.

Mikoll, J. P. (dissenting). I respectfully dissent.

I would find that plaintiff has raised a triable question as to whether defendant landlord breached his duty to exercise reasonable care to maintain his property in a reasonably safe condition under all the circumstances (*see generally, Basso v Miller*, 40 NY2d 233). Plaintiff has cited the absence of an eaves trough on the roof overhanging the steps, which she claims permitted water to drip from the roof directly onto the

steps. Whether the absence of an eaves trough caused or contributed to the icy condition is a question of fact sufficient to preclude summary judgment. In my view, having made this specific allegation in her pleadings, plaintiff is not required to present expert testimony on the point to withstand a motion for summary judgment (*see, Hogan v Grand Union Co.*, 126 AD2d 875; *Haviland v Smith*, 91 AD2d 764).

Ordered that the order is affirmed, with costs.