2005 ND 60

**Corinna MAKEEFF, Plaintiff and Appellant**

v.

**The CITY OF BISMARCK, a North Dakota Municipal Corporation, Defendant and Appellee.**

No. 20040272.

Supreme Court of North Dakota.

March 23, 2005.

Thomas M. Tuntland, Mandan, ND, for plaintiff and appellant.

Randall J. Bakke, Smith Bakke Oppegard Porsborg Wolf, Bismarck, ND, for defendant and appellee.

SANDSTROM, Justice.

[¶ 1] Corinna Makeeff appeals a summary judgment order dismissing her negligence claim against the City of Bismarck ("City") for failure to remove ice from an outside stairway. Concluding that the City had a duty to act reasonably, we reverse the summary judgment and remand for further proceedings.

I

[¶ 2] On March 22, 2002, Makeeff attended a circus at the Bismarck Civic Center ("Civic Center"). As she was leaving the Civic Center at roughly 9:30 or 10:00 p.m., she claims she was injured when she slipped on a patch of ice on an outside stairway leading out of the Civic Center. She sued the City, claiming it was negligent in failing to inspect the outside stairway and in failing to remove an accumulation of snow or ice.

[¶ 3] . During discovery, Makeeff testified in her deposition that she slipped and fell down the stairway while she was carrying her child. She claimed she was holding onto the handrail as she started to slip, but as she was losing her balance she let go of the handrail to hold onto her child. She then slid down to the bottom of the stairway.

[¶ 4] Members of Makeeff's family, who attended the circus with her, stated in their depositions that the stairway was icy and that they noticed other people were slipping on the stairs. Makeeff stated in her affidavit that when she reported the incident to the Civic Center, a Civic Center employee asked her, "Are you one of the people who got hurt last night or the night before because we had quite a few people who fell?" Makeeff could not remember whether it had rained or snowed that day, but members of her family testified that it was foggy and misting.

[¶ 5] Makeeff testified she did not check the area where she fell to see whether there was any actual ice where she slipped and she did not have any pictures or video of the icy condition.

[¶ 6] The City produced a work sheet that indicated an employee applied "ice melt" on the stairway at 12:00 p.m. and at 8:00 p.m. that same day. It also produced records indicating that no precipitation was recorded in Bismarck on that day or the previous day. The City claims it had no knowledge of icy conditions prior to her complaint and it cannot be liable under current law if it did not create an unnatural and unreasonably dangerous condition.

[¶ 7] The City moved for summary judgment, and the district court granted its motion. The district court reasoned that the ice was the result of a natural accumulation of snow or ice. The district court also stated there was no evidence to suggest the City did anything to worsen the condition of the snow or ice.

[¶ 8] Makeeff appeals, arguing the district court erred in granting the summary judgment, because there is sufficient evidence to show the City was negligent in failing to clear its stairway of snow and ice. She argues the district court used the wrong negligence standard in issuing its summary judgment and argues the correct standard is reasonable care and foreseeability.

[¶ 9] The City, on appeal, argues that the correct negligence standard is whether it created an unreasonably dangerous, unnatural condition causing the slip and fall, and that even if a condition did exist, it had no prior notice of the condition.

[¶ 10] The district court had jurisdiction under N.D. Const. art. VI, § 8, and N.D.C.C. § 27–05–06. The appeal was timely under N.D.R.App.P. 4(a), and this Court has jurisdiction under N.D. Const. art. VI, § 2, and N.D.C.C. §§ 27–02–04 and 28–27–01.

II

[¶ 11] The district court ordered a summary judgment dismissing Makeeff's claim that the City was negligent in allowing ice to accumulate on the stairway of the Civic Center.

[¶ 12] "Summary judgment is a procedure for promptly resolving a controversy without a trial if the evidence shows there are no genuine issues as to any material fact and any party is entitled to judgment as a matter of law." *Gratech Co., Ltd. v. Wold Engineering, P.C.*, 2003 ND 200, ¶ 8, 672 N.W.2d 672; N.D.R.Civ.P. 56(c). "Even if a factual dispute exists, summary judgment is proper if the law is such that resolution of the factual dispute will not change the result." *Gratech*, at ¶ 8 (citations omitted). "A de

novo standard of review is used to determine whether a district court erred in granting summary judgment." *Id.* "On appeal, we view the evidence in the light most favorable to the non-moving party." *Id.* "Negligence and proximate cause are fact questions unless the evidence is such that reasonable minds can draw but one conclusion." *Green v. Mid Dakota Clinic,* 2004 ND 12, ¶ 6, 673 N.W.2d 257.

### III

[¶ 13]   Makeeff argues an ordinary negligence standard should be used to determine whether the City is liable for her slip and fall.

[¶ 14]   Makeeff argues this Court has abandoned the special categories in premise liability actions. *See O'Leary v. Coenen,* 251 N.W.2d 746 (N.D.1977). In *O'Leary,* this Court abandoned the special common law classifications in favor of applying the ordinary principles of negligence to govern a landowner's conduct as to a licensee and an invitee. *Id.* at 751. This Court stated an "occupier of premises must act as a reasonable man in maintaining his property in a reasonably safe condition in view of all the circumstances, including the likelihood of injury to another, the seriousness of the injury, and the burden of avoiding the risk." *Id.*

[¶ 15]   The City argues this case is analogous to slip-and-fall cases that occur on sidewalks. We have said that a party is not liable for slippery conditions caused by snow and ice on a sidewalk, absent some act or omission creating an unreasonably dangerous condition. *Fast v. State,* 2004 ND 111, ¶ 12, 680 N.W.2d 265. We recognized, the "mere fact there is snow and ice upon a person's sidewalk, does not establish negligence by that party." *Green,* 2004 ND 12, ¶ 8, 673 N.W.2d 257. We have said, however, "there may be instances where the State could be liable for injuries sustained as a result of a slip and fall on snow or ice." *Fast,* at ¶ 12.

[¶ 16]   There are two distinct rules that have been adopted among jurisdictions that addressed the issue of slip-and-fall cases involving a natural accumulation of snow and ice. *Wal–Mart Stores, Inc. v. Surratt,* 102 S.W.3d 437, 442 (Tex.App. 2003). These contrasting theories can be summarized as the Massachusetts rule and the Connecticut rule. *Id.* The Massachusetts rule is recognized as the traditional rule and the Connecticut rule as the modern or restatement rule. *Id.* (citing 62A Am. Jur. 2d *Premise Liability,* §§ 699–701 (1990)). The Massachusetts rule, also known as the natural accumulation rule, stems from the case of *Woods v. Naumkeag Steam Cotton Co.,* 134 Mass. 357 (1883). *Mucsi v. Graoch Associates Limited Partnership # 12,* 144 Wash.2d 847, 31 P.3d 684, 688 (2001). Under this rule, "a landowner had no duty to protect invitees from conditions caused by natural accumulations of snow and ice." *Id.* The Connecticut rule, on the other hand, was announced in *Reardon v. Shimelman,* 102 Conn. 383, 128 A. 705 (1925), and placed the burden on the landowner to " 'exercise reasonable care to prevent the occurrence of defective or dangerous conditions' " in common approaches. *Id.* (quoting *Reardon,* 128 A. at 706). The doctrine did not distinguish dangers that arose " 'from the fall of snow or the freezing of ice' " from other hazards. *Id.* (quoting *Reardon,* 128 A. at 706).

[¶ 17]   An impetus behind not extending the natural accumulation rule to stairways is proximity. Stairs next to or attached to a building present a different situation from that of sidewalks, which can be remote and may be many miles in length. The Supreme Court of Alaska declined to extend the natural-unnatural accumulation rule used for sidewalks to business premises. *Kremer v. Carr's Food Center, Inc.,*

462 P.2d 747, 750–51 (Alaska 1969). The court said the numerous miles of sidewalks in the city of Anchorage would make it an impossible task for the city to remove all of the snow and ice before individuals traversed the sidewalks. *Id.* at 751.

[¶ 18] The Supreme Court of Mississippi considered the proximity of the slip and fall to the place of business as an important factor in determining a business owner's liability. *Fulton v. Robinson Industries, Inc.,* 664 So.2d 170, 174 (Miss.1995). In *Fulton,* the court held a business owner was not liable to a pedestrian who slipped and fell on snow and ice in the business's parking lot. *Id.* at 175. The court distinguished the facts in *Fulton* from other slip-and-fall cases that occurred near the business premises. *Id.* at 174. (citing *Johnson v. Boydston,* 605 So.2d 727 (Miss. 1992); *Goodwin v. Derryberry Co.,* 553 So.2d 40 (Miss.1989)). In *Johnson,* a guest at a hotel fell down a flight of stairs when she slipped on an accumulation of snow and ice. *Johnson,* 605 So.2d at 728. The court in *Johnson* stated the owner of the hotel "knew his guests were housed on the second floor; he knew that they had to descend to the ground floor; and he knew, or should have known, that it had snowed and that water was running off the roof onto the stairs, either partially melting or partially freezing under the snow." *Id.* at 729. The court concluded the hotel owner had a "duty to use reasonable care to provide a safe place and facility for his guests to descend from the second floor." *Id.* The court in *Fulton* distinguished the outcome in *Johnson* by stating it is reasonable to expect that a "business owner could monitor the safety and condition of his stairs and any other physically adjacent parts of the building." *Fulton,* 664 So.2d at 174.

[¶ 19] The Nebraska Supreme Court held a business owner owes a "duty to exercise ordinary care to keep the approaches to his place of business in a reasonably safe condition for the use of the patrons and customers properly on the premises." *Maxwell v. Lewis,* 186 Neb. 722, 186 N.W.2d 119, 122 (1971). In *Maxwell,* a business owner applied "Ice–Away" to her steps on a January morning to remove an accumulation of ice. *Id.* at 121. During the day, the temperature warmed up, causing the steps to have become wet when the patron arrived. *Id.* By the time the patron left, the steps had become icy because of the falling temperature, causing the patron to slip and fall down the stairs as she exited the building. *Id.* The court stated business owners who invite persons on their property must "exercise ordinary care in the light of what he knows or reasonably should know to protect an invitee from danger or to notify him of such danger while he is rightfully on the premise and engaged in the proper performance of the purpose of his presence." *Id.* at 122.

[¶ 20] We recognize that other courts have extended the natural accumulation rule to stairways. The Supreme Court of Wyoming held an owner or occupier of land is not liable for a pedestrian's injuries resulting from a slip-and-fall accident occurring on steps that had accumulated natural snow and ice. *Pullman v. Outzen,* 924 P.2d 416, 418 (Wyo.1996); *see also Goulart v. Canton Housing Authority,* 57 Mass.App.Ct. 440, 783 N.E.2d 864 (2003) (no duty to remove natural accumulating snow and ice from unused stairway); *Micheler v. Gush,* 256 A.D.2d 1051, 684 N.Y.S.2d 297 (1998) (a party had no liability for icy conditions on stairway unless the party affirmatively created or exacerbated a hazardous condition); *Petersen v. Campbell County Memorial Hosp. Dist.,* 760 P.2d 992 (Wyo.1988) (hospital was not liable to patient who, while descending steps, slipped and fell on natural accumulation of

snow, which was readily apparent to her at the time of the accident); *Kilbury v. McConnell,* 246 Ark. 528, 438 S.W.2d 692 (1969) (landlord owes no duty to tenant to remove such temporary hazards as natural accumulation of ice and snow from common stairway).

[¶ 21] The court in *Pullman* stated that liability "attaches only if the owner or occupier creates an unnatural accumulation that is substantially different in volume or course than would naturally occur." *Pullman,* 924 P.2d at 418. Other courts have stated that the liability standard used in sidewalk slip-and-fall cases is analogous to the liability standard in cases involving slips and falls that occur on stairways. *See Corey v. Davenport College of Business,* 251 Mich.App. 1, 649 N.W.2d 392 (2002); *Paul v. Terminal Railroad Ass'n of St. Louis,* 296 S.W.2d 167 (Mo.Ct.App. 1956). In *Corey,* the court opined that stairs have no special aspects that create a uniquely high likelihood of harm or severity of harm to distinguish them from sidewalks in slip-and-fall cases. *Corey,* 649 N.W.2d at 395.

[¶ 22] After careful analysis of the jurisprudence behind the two theories, we conclude a reasonableness test more closely follows our previous holdings and makes for better public policy. As the Supreme Court of Indiana has articulated, the reasonableness standard is the proper rule; otherwise, the natural accumulation rule would dilute the owner or occupier duty and undermine the basic principles of public responsibility. *Hammond v. Allegretti,* 262 Ind. 82, 311 N.E.2d 821, 826 (1974). The court rhetorically asked, if "the inviter is absolved of all responsibility ... who, then, will remove the natural accumulation of ice and snow when such accumulations become hazardous?" *Id.* The liability of an owner or occupier, therefore, "should not be determined solely by the condition of the premises, natural or artificial, but rather by the occupier's conduct in relation to those conditions— that is, considering all of the circumstances." *Quinlivan v. Great Atlantic & Pacific Tea Co., Inc.,* 395 Mich. 244, 235 N.W.2d 732, 739 (1975) (citations omitted).

[¶ 23] We recognize that many of the court cases we have cited for the proposition that owners or occupiers owe a duty of reasonableness to individuals on their property still used the licensee and invitee categorizations, but this does not change the persuasiveness of their holdings. In a case involving a slip and fall on a patch of ice located on a porch, the Supreme Court of Wisconsin abandoned the common law distinction between landowners' duty to licensees and their duty to invitees for a general negligence standard. *Antoniewicz v. Reszcynski,* 70 Wis.2d 836, 236 N.W.2d 1, 3, 11 (1975). The court stated the appropriate duty of the landowner or occupier to those who come upon the land is that of ordinary care under the circumstances. *Id.* at 11–12.

[¶ 24] The holding in *Quinlivan* is nearly identical to the basic apriorism throughout our cases involving injuries on sidewalks, which states landowners "owe a general duty to lawful entrants to maintain their property in a reasonably safe condition in view of all the circumstances, including the likelihood of injury to another, the seriousness of the injury, and the burden of avoiding the risk." *Fast,* 2004 ND 111, ¶ 8, 680 N.W.2d 265; *see also Green,* 2004 ND 12, 673 N.W.2d 257. "If a landowner permits dangerous conditions to exist on the premises[,] the landowner must take reasonable measures to prevent injury to those whose presence on the property reasonably can be foreseen." *Fast,* at ¶ 8.

[¶ 25] The general rule of reasonableness in our premise liability cases is the prudent rule to follow in these circumstances, and we decline to extend our natural accumulation rule used in cases involving sidewalks to these circumstances. Landowners have the duty to lawful entrants to reasonably maintain their property in a reasonably safe condition, in view of all the circumstances, including the likelihood of injury to another, the seriousness of the injury, and the burden of avoiding the risk. The district court should have analyzed the reasonableness of the City's actions in determining whether it had breached its duty to Makeeff.

[¶ 26] Makeeff presented testimony that it was overcast and drizzling and that the stairway was slippery. She presented evidence that employees of the Civic Center applied ice melt to the outdoor sidewalks, entrances, and stairways of the Civic Center at 12:00 p.m. and 8:00 p.m., and presented evidence that a Civic Center employee told her that several other persons had been injured that day because of the icy steps. A jury could conclude from the evidence presented by Makeeff, particularly the application of the ice melt and the statement regarding other people slipping on the stairway, that the Civic Center had notice of the slippery conditions. It is also reasonable and foreseeable to expect parents to be holding their small children while they exit the Civic Center late at night after a circus.

[¶ 27] Land occupiers are not insurers of their premises, nor must they endure unreasonable burdens to maintain it. *O'Leary*, 251 N.W.2d at 752. In the case at bar, however, the district court erred in issuing summary judgment without considering whether the City acted reasonably both in its failure to warn and in its maintaining the Civic Center steps in a reasonably safe condition in view of all the circumstances, including the likelihood of injury to another, the seriousness of the injury, and the burden of avoiding the risk.

### IV

[¶ 28] We reverse the district court's grant of summary judgment and remand for proceedings consistent with this opinion.

[¶ 29] MARY MUEHLEN MARING, J., concurs.

[¶ 30] The Honorable WILLIAM A. NEUMANN, a member of the Court when this case was heard, resigned effective March 14, 2005, and did not participate in this decision.

VANDE WALLE, Chief Justice, concurring in the result.

[¶ 31] I concur in the result reached by the majority opinion. In doing so, I do not join the expansive standard the majority appears to adopt under its "reasonableness test." I agree that the "natural accumulation" standard which this Court cited with approval in *Fast v. State*, 2004 ND 111, 680 N.W.2d 265, as applied to municipal sidewalks, does not necessarily apply to municipal buildings, such as the Civic Center, owned by the City of Bismarck. One of the rationales for the municipal sidewalk standard is, as noted by the cite in the majority opinion to *Kremer v. Carr's Food Center, Inc.*, 462 P.2d 747 (Alaska 1969), the numerous miles of sidewalks in areas which receive considerable snowfall on a regular basis. Nevertheless, in *Fast*, we did observe that cases involving accidents on municipal sidewalks "are persuasive regarding the liability of a landowner, in this case the State, for injuries sustained as a result of snow and ice conditions." *Fast*, at ¶ 11. Of course, in *Fast* the premises were also sidewalks owned not by the City, but by the State on a college campus.

[¶ 32]   It is not clear to me whether the majority intends to overrule our previous cases such as *Fast* and the other North Dakota cases cited and relied upon therein and to reject the "natural accumulation rule" or whether it intends to carve out a different standard where stairs attached to a public building, not sidewalks, are concerned.  If it is the latter, I concur in the result but my concurrence goes no further and does not signal my agreement with much of the authority relied upon by the majority.   Nevertheless, I agree that stairs attached to a public building to which the public is invited to enter to attend some event, most times for a fee, are different from the miles of sidewalks for which the municipality or other owner might be responsible.  There is, of course, authority to the contrary, some of it cited in the majority opinion, for example, *Corey v. Davenport College of Business,* 251 Mich.App. 1, 649 N.W.2d 392 (2002).  But the Michigan courts rely heavily upon the "open and obvious danger" which, although it may be part of the rationale of our previous decisions, is not so heavily emphasized therein.  In any event, I believe steps do create hazards not necessarily present on a flat sidewalk.

[¶ 33]   To the extent the majority opinion holds under its "rule of reasonableness" that a municipality may be liable under certain circumstances for the condition of the stairs on a public building which the municipality expects to be heavily used, I concur in the result.

[¶ 34]   CAROL RONNING KAPSNER, J., concurs.