In an action to recover damages for personal injuries, the defendant Deanco Services, Inc., appeals from an order of the Supreme Court, Rockland County (Kelly, J.), dated April 8, 2011, which denied its motion for summary judgment dismissing the complaint insofar as asserted against it.
Ordered that the order is affirmed, with costs.
The plaintiff, a store manager at Lowe’s Home Improvement (hereinafter Lowe’s) in Middletown, allegedly sustained personal injuries when he slipped and fell on ice in an outdoor area on the Lowe’s premises. Lowe’s contracted with the defendant Deanco Services, Inc. (hereinafter Deanco), to provide snow removal services. Deanco allegedly contracted with the defendant BTN Excavating Services, Inc. (hereinafter BTN), to provide these services to Lowe’s.
The plaintiff commenced this action against Deanco and BTN, alleging that they had negligently performed their snow removal services. The plaintiff was granted a default judgment against BTN after it failed to appear in the action. Thereafter, Deanco moved for summary judgment dismissing the complaint insofar as asserted against it. The Supreme Court denied Deanco’s motion, concluding that there were triable issues of fact as to the plaintiff’s detrimental reliance with respect to the performance of snow removal services. Deanco appeals, and we affirm, but on a ground different from that relied upon by the Supreme Court.
Generally, “a limited contractual obligation to provide snow removal services does not render the contractor liable in tort for the personal injuries of third parties” (Knox v Sodexho Am,., LLC, 93 AD3d 642, 642 [2012]). However, there are three recognized exceptions: “(1) where the contracting party, in failing to exercise reasonable care in the performance of his duties, launche[s] a force or instrument of harm; (2) where the plaintiff detrimentally relies on the continued performance of the contracting party’s duties and (3) where the contracting party *934 has entirely displaced the other party’s duty to maintain the premises safely” (Espinal v Melville Snow Contrs., 98 NY2d 136, 140 [2002] [internal quotation marks and citations omitted]).
“Viewed in the light most favorable to the plaintiff” (Rubistello v Bartolini Landscaping, Inc., 87 AD3d 1003, 1004 [2011]), the pleadings asserted, inter alia, that Deanco was negligent in causing the plaintiff to detrimentally rely upon the purported safety of the subject area, and, in attempting to clear the area, exacerbated the icy conditions, thereby launching a force or instrument of harm. As the plaintiff alleged facts establishing the possible applicability of two Espinal exceptions, Deanco, to establish its prima facie entitlement to judgment as a matter of law, was required to eliminate all triable issues of fact related thereto (see id. at 1004-1005; cf. Knox v Sodexho Am., LLC, 93 AD3d at 642; Foster v Herbert Slepoy Corp., 76 AD3d 210, 214 [2010]).
Contrary to the plaintiff’s contention, Deanco sufficiently demonstrated, with a transcript of the plaintiff’s deposition testimony, that there were no triable issues of fact as to whether the plaintiff detrimentally relied on the continued performance of its duties (see Huttie v Central Parking Corp., 40 AD3d 704, 706 [2007]; see also Rahim v Sottile Sec. Co., 32 AD3d 77, 81 [2006]; Zima v North Colonie Cent. School Dist., 225 AD2d 993, 994 [1996]; Amazon v British Am. Dev. Corp., 216 AD2d 702, 704 [1995]). Although the plaintiff testified that an unidentified employee of one of the defendants had assured the plaintiff that the area had been cleared of snow and ice and was safe, the plaintiff also testified that when he viewed the area before entering, he observed that the ground was icy. Thus, any reliance on the alleged statements of the unidentified individual was not justified or reasonable. In opposition, the plaintiff failed to raise a triable issue of fact in this regard.
However, Deanco failed to satisfy its burden of demonstrating that it did not launch a force or instrument of harm (see Robles v Bruhns, 99 AD3d 980, 981-982 [2012]). Deanco did not submit any evidence concerning its snow removal services on the day of the accident. Because Deanco failed to provide evidence negating this Espinal exception, it failed to establish its prima facie entitlement to judgment as a matter of law. Accordingly, the Supreme Court properly denied Deanco’s motion for summary judgment dismissing the complaint insofar as asserted against it. Dillon, J.E, Angiolillo, Dickerson and Cohen, JJ., concur.