JANE M. COFFEY, Plaintiff, *v.* DORMITORY AUTHORITY OF THE STATE OF NEW YORK, Defendant and Third-Party Plaintiff-Appellant. CHAPMAN, EVANS & DELANEY et al., Third-Party Defendants-Respondents.

Third Department, May 26, 1966.

*Carter & Conboy* (*M. James Conboy* and *Clayton T. Bardwell* of counsel), for defendant and third-party plaintiff-appellant.

*Fitzpatrick, Bennett & Trombley* for Fitzpatrick Builders, Inc., third-party defendant-respondent.

*McCormick & Lapan* for Plattsburgh Paint & Glass Corp., third-party defendant-respondent.

*Jerry, Lewis & Harvey* for Chapman, Evans & Delaney, third-party defendant-respondent.

HERLIHY, J. P. The plaintiff in her complaint against the Dormitory Authority alleged its ownership of Macomb Hall located on the campus of State University at Plattsburgh and that on July 11, 1963, while a student, she collided with a clear glass panel adjacent to the door and sustained injuries. The allegations of negligence against the Authority consisted, among other things, in the following:

(a) causing or permitting the entranceway to be installed in a dangerous manner, the clear glass panel not being perceptible to users of the entranceway.

(b) failing to give warning by placing signs or markers upon the panel.

(c) failing to inspect in order to ascertain the condition and failure to correct it.

(d) failing to furnish adequate lighting to illuminate properly the entranceway.

(e) permitting a dangerous condition with either actual or constructive notice.

(f) failing to use safety glass, or install a safety grill in front of the glass.

(g) leasing the dormitory to the State with the existence of this condition.

(h) failing to take any steps to prevent the accident.

Thereafter the Authority served a third-party complaint against Fitzpatrick Builders, Inc., builders of Macomb Hall, Plattsburgh Paint & Glass Corporation and Chapman, Evans & Delaney, architects of Macomb Hall. As against the architects it is alleged that they negligently created a defective architectural plan; that they negligently designed the dormitory; that they failed to follow proper architectural standards; that they negligently failed to take any precautions so as to avoid the occurrence of this accident. As against the builders the allegations are much the same essentially amounting to the negligent creation of a trap. As against the glass subcontractor there are charges of careless installation. The third-party complaint concluded with the recitation that, if the Dormitory Authority were found liable to plaintiff, then the designer, builders and installers named in the third-party complaint would be liable to the Dormitory Authority.

Special Term dismissed the third-party complaint apparently on the ground that the parties were joint tort-feasors.

It is fundamental that the owner of the building, the Dormitory Authority, has a nondelegable duty to people lawfully using its premises. (*Rumetsch* v. *Wanamaker, New York, Inc.*, 216 N. Y. 379, 382.) Where in such a situation the negligent condition may have been created by contractors or others involved with construction of the building, the right to indemnity will rest on the circumstances in each case such as failure to plead the presence of a latent defect (see *Inman* v. *Binghamton Housing Auth.*, 3 N Y 2d 137, 145); the length of time elapsed between the completion of the construction and the accident (see *Inman* v. *Binghamton Housing Auth., supra,* p. 148); whether the defects were readily noticeable and whether the third party has contracted to indemnify the one sued or if the liability of the one sued is predicated on passive negligence and that of the third party is based on active negligence.

In *Jackson* v. *Associated Dry Goods Corp.* (13 N Y 2d 112, 116–117) it was stated: " Generally, the failure of a landowner to discover and remedy a dangerous condition affirmatively created by another is deemed to be passive negligence only " unless, after discovery of the danger, the landlord acquiesces in the continuance of such condition. (See, also, *Tipaldi* v. *Riverside Mem. Chapel,* 298 N. Y. 686.)

While these decisions are concerned with a jury verdict after a plenary trial, they tend to show the wisdom of withholding a final decision until the time of trial or after rendition of a verdict.

The original complaint and the third-party complaint are to be liberally construed on this motion to dismiss for failure to state a cause of action and accordingly we find are of sufficient vitality to overcome the challenge of dismissal and permit at the time of the trial proof of active negligence against the third-party defendants. The third-party plaintiff's complaint alleges that the third-party defendants caused and created the defective condition alleged in the original complaint and that the third-party plaintiff merely failed to discover the defects. As this court stated in *De Lilli* v. *Niagara Mohawk Power Corp.* (11 A D 2d 839, 840): " In the liberal view we are bound to give third-party pleading, these allegations may be construed as charging passive negligence, or at least as sufficient to permit of proof which may be thus evaluated and classified, and, accordingly, in this case — which we deem clearly within the principles and intendment of third-party practice — as sufficient to warrant recovery over."

This pleading falls within the general rule of permitting impleader and to decide at the time of the trial as to whether the evidence sustains an indemnity relationship among the parties, provided the third-party plaintiff is charged, *inter alia*, with what might be shown on the trial to be only passive negligence.

The judgment and orders should be reversed, on the law and the facts.

REYNOLDS, TAYLOR and AULISI, JJ., concur.

Judgment and orders reversed, on the law and the facts, with costs to appellant against third-party defendants-respondents.