■ ROBERT GUSTIN, Respondent, v GEORGE JOINER et al., Constituting the Board of Education of Union Free School District No. 1 of the Town of Ossining, Appellants.—Judgment of the Supreme Court, Westchester County, dated July 3, 1978, affirmed, with $50 costs and disbursements, upon the opinion of Mr. Justice Beisheim at Special Term. Titone, J. P., Lazer, Margett and Martuscello, JJ., concur. [95 Misc 2d 277.]

■ HARRIET HOFFMAN et al., Respondents, v DON-LEN PLAZA DINER, INC., Appellant, et al., Defendant. (And a Third-Party Action.)—In a negligence action to recover damages for personal injuries, etc., defendant Don-Len Plaza Diner, Inc., appeals from a judgment of the Supreme Court, Rockland County, entered December 8, 1977, which is in favor of plaintiffs and against it, upon a jury verdict. Judgment reversed, on the law, and new trial granted, with costs to abide the event. Plaintiff Harriet Hoffman slipped and fell on ice outside appellant's diner at approximately 6:15 P.M. on February 3, 1972. The testimony of plaintiffs' witnesses revealed that rain and sleet were falling around the time of the mishap. The statistics of a weather station established that rain, snow, sleet and hail fell from approximately 3:00 P.M. to 11:00 P.M. on that date. Under these circumstances, it was error for the trial court to refuse to charge the jury with respect to the nature of appellant's duty to clear away accumulations on the walk during the progress of a storm (see *Falina v Hollis Diner,* 281 App Div 711, affd 306 NY 586). O'Connor, J. P., Gulotta, Margett and Mangano, JJ., concur.

■ J & A ROOFING AND SIDING CO., INC., Respondent, v NEW YORK STATE DEPARTMENT OF LAW, Appellant.—In a proceeding pursuant to CPLR article 78 which was transformed by Special Term into an action for a declaratory judgment and a permanent injunction, the appeal is from an order of the Supreme Court, Dutchess County, entered May 16, 1978, which (1) granted plaintiff's motion for (a) an examination before trial and the production of certain records of the defendant and (b) a stay and an extension of the time within which to move to confirm class action status and (2) denied the defendant's cross motion for summary judgment. Order reversed, on the law, without costs or disbursements, the motion is denied and the cross motion is granted to the extent that the action is dismissed for failure to state a cause of action. In this action, plaintiff seeks to maintain a class action against the defendant New York State Department of Law because of the issuance of subpoenas in consumer fraud cases by certified mail instead of by personal service upon it and other persons, firms, corporations or associations similarly situated. As a general rule where governmental operations are involved and subsequent complainants will be adequately protected by the principles of *stare decisis,* a class action will not be permitted (see *Matter of Martin v Lavine,* 39 NY2d 72; *Baumes v Lavine,* 38 NY2d 296; *Perez v Dumpson,* 58 AD2d 887). Since such is the case here the asserted class action claim does not state a cause of action. Where, unlike here, subsequent complainants will not be adequately protected, class action status will be confirmed (see *Ammon v Suffolk County,* 67 AD2d 959). In the instant case the motion to stay and extend the time to confirm class action status and for an examination before trial and production of records must be denied and the action must be dismissed. Damiani, J. P., Titone, Suozzi and Shapiro, JJ., concur.