# SECOND DEPARTMENT, JUNE, 1982

## (June 1, 1982)

■ WALTER B. BASSEY et al., Appellants, v ROBERT MISTROUGH, JR., Respondent. — In a negligence action to recover damages for personal injuries, etc., plaintiffs appeal from a judgment of the Supreme Court, Suffolk County (McGinity, J.), entered June 22, 1981, in favor of the defendant, upon a jury verdict. Judgment reversed, on the law, and new trial granted, with costs to abide the event. As a result of a sudden tire blowout, the plaintiffs' vehicle came to a stop partially on the highway, and the entire electrical system of the car ceased to function. Immediately thereafter plaintiff Walter B. Bassey (herinafter plaintiff) got out of the vehicle and while standing in front of his stalled, unlighted vehicle, searching for the source of the electrical trouble, his vehicle was hit from behind by defendant's vehicle. In its charge to the jury, the trial court read certain sections of the Vehicle and Traffic Law, including the text of section 375 (subd 2, par [a]), which section requires the illumination of vehicle headlights and taillights while on a public highway during the time frame in question. The court then instructed the jury that if they found a violation of the statutes and that such violation was a proximate cause of the accident, this would constitute either negligence or contributory negligence under the facts and circumstances of the case as the jury determined them to be. Plaintiffs excepted to this portion of the charge and requested that the jury be charged that where there existed an emergency situation as a result of which such lights, even though ordinarily properly functioning, may not have been functioning due to an untoward event, then the failure of the lights to

function would not constitute a violation of section 375 (subd 2, par [a]). The court refused to make such additional charge. Plaintiffs then further noted their exception to that portion of the original charge insofar as it applied to the vehicle's lights. The court's failure to charge was error since such supplementary charge was a proper request in view of the evidence which served to establish that plaintiff was unable to avoid temporarily leaving his stalled, unlighted vehicle on the highway. The jury should have been advised, therefore, that they could excuse plaintiff from compliance with section 375 (subd 2, par [a]) of the Vehicle and Traffic Law in the event it was found that plaintiff was faced with such emergency situation. The charging of the general language on emergencies, together with the other general instructions, prior to reading the text of the relevant sections of the Vehicle and Traffic Law, did not serve to cure the error of failing to include the requested supplementary charge. Lazer, J. P., Gibbons, Gulotta and Bracken, JJ., concur.