■ CHERYL FUSCO, Appellant, v STEWART'S ICE CREAM COMPANY, Respondent. [610 NYS2d 642] —Weiss, J. Appeal from an order of the Supreme Court (Brown, J.), entered March 30, 1993 in Saratoga County, which granted defendant's motion for summary judgment dismissing the complaint.

On February 2, 1989, plaintiff slipped and fell on an icy sidewalk while exiting defendant's store in the City of Mechanicville, Saratoga County, in the vicinity of the ramp providing access to the handicapped. At the time of the accident, and for at.least 1½ hours prior thereto, a storm with freezing rain and sleet had been in progress. Defendant had its employees spread sand and salt around the building, but the continuing precipitation rendered those efforts ineffective. Defendant moved for summary judgment dismissing the complaint in this personal injury action contending that, as a matter of law, it had violated no duty of care to plaintiff by failing to correct the icy condition prior to the end of the storm. Plaintiff has appealed from the order of Supreme Court which granted the motion. We affirm.

A party in possession or control of real property has a reasonable period of time after the cessation of a storm in which to take protective measures to correct storm-created hazardous ice and snow conditions *(Porcari v S.E.M. Mgt. Corp.,* 184 AD2d 556, 557; *Drake v Prudential Ins. Co.,* 153 AD2d 924, 925; *Marcellus v Littauer Hosp. Assn.,* 145 AD2d 680, 681; *see also, Gonzalez v City of New York,* 168 AD2d 541, *lv denied* 78 NY2d 851). The lapse of reasonable time does not occur while a storm is in progress *(Rothrock v Cottom,* 115 AD2d 242, *lv denied* 68 NY2d 601; *Valentine v City of New York,* 86 AD2d 381, 384, *affd* 57 NY2d 932; *Moorhead v Hummel,* 36 AD2d 682, 683). Plaintiff's argument that the commercial nature of a convenience store should create a heightened duty is unpersuasive and she has offered no authority for that proposition. The general principle set forth above has been applied to similar situations of slip and fall accidents at commercial establishments which occur while a storm is still in progress *(Newsome v Cservak,* 130 AD2d 637 [shopping mall ramp]; *Hoffman v Don-Len Plaza Diner,* 68 AD2d 880 [diner]; *Falina v Hollis Diner,* 281 App Div 711, *affd* 306 NY 586 [diner steps]). We see no basis to enlarge defendant's duty to exercise reasonable care over its property under these circumstances. The standard to be applied recognizes the realities of problems caused by winter weather *(see, Goldman v State of New York,* 158 AD2d 845, *appeal dismissed* 76 NY2d 764; *Marcellus v Littauer Hosp. Assn., supra,* at 681; *Denning v Pioneer Trailer Sales,* 20 AD2d 846, 847) which have been demonstrated were present here.

We find no merit to plaintiff's remaining contention of a defect in the design of the sidewalk which was neither alleged in her pleadings nor raised by plaintiff before Supreme Court.

Cardona, P. J., Mercure, White and Casey, JJ., concur. Ordered that the order is affirmed, with costs.