■ LILLIAN DOWNES, Appellant, v EQUITABLE LIFE ASSURANCE SOCIETY OF THE UNITED STATES et al., Respondents, et al., Defendant. [617 NYS2d 986] —Yesawich Jr., J. Appeal from an order of the Supreme Court (Kahn, J.), entered June 22, 1993 in Albany County, which granted motions by defendants Equitable Life Assurance Society of the United States and W.J. Kendall Trucking & Excavating Company for summary judgment dismissing the complaint against them.

Plaintiff sued in negligence to recover for injuries she claims to have sustained when, on January 30, 1991, she slipped and fell because of an icy condition as she was leaving her place of employment at a mall in Albany County. Plaintiff admits that at the time of her fall, approximately 7:00 P.M., a storm was in progress, and that as temperatures fell during the afternoon and early evening, the precipitation had begun to freeze, causing the mall parking lot to become icy. The premise of the complaint is that although defendants were aware of the icy condition and had sufficient time to take corrective action, they failed to spread salt or sand over the parking lot prior to plaintiff's fall.

Defendant Equitable Life Assurance Society of the United States (hereinafter Equitable), the property owner, and defendant W.J. Kendall Trucking & Excavating Company (hereinafter Kendall), the firm with which Equitable had contracted for snow removal and salting services, each moved for summary judgment. Supreme Court found that these defendants were not negligent as a matter of law, and granted the relief requested. Plaintiff appeals.

We affirm. When, as in this instance, weather conditions cause property to become dangerous by reason of the accumulation of ice, the law affords the landowner a reasonable time after the cessation of the storm or temperature fluctuation which caused the hazardous condition to take corrective action *(see, Fusco v Stewart's Ice Cream Co.,* 203 AD2d 667; *Marcellus*

*v Littauer Hosp. Assn.,* 145 AD2d 680, 681). Consequently, as Supreme Court noted, liability may not be predicated on a landowner's failure to act to remedy the dangerous condition prior to the end of the storm *(see, Croff v Grand Union Co.,* 205 AD2d 856; *Newsome v Cservak,* 130 AD2d 637). It not being undisputed that the storm which deposited the ice on which plaintiff slipped was ongoing at the time of her fall, summary judgment was properly granted in favor of Equitable.

Nor can Kendall be held liable. There is no basis for doing so on the theory that it contractually assumed Equitable's duty to maintain the property safely *(see, Palka v Servicemaster Mgt. Servs. Corp.,* 83 NY2d 579, 589), for even if its contract could be interpreted as encompassing such an assumption, Kendall cannot be faulted for breaching a duty owed to plaintiff because no such duty existed. Furthermore, nothing in the record indicates that Kendall had an independent duty, above and beyond that of the landowner, to protect plaintiff from hazardous conditions, or that plaintiff's fall was the result of her detrimental reliance on Kendall's past course of conduct *(see, Bourk. v National Cleaning,* 174 AD2d 827, 828, *lv denied* 78 NY2d 858).

Cardona, P. J., Mikoll and Crew III, JJ., concur. Ordered that the order is affirmed, with one bill of costs.