■ KEVIN McGOWAN et al., Appellants, v JOHN W. MARCUS et al., Respondents. [628 NYS2d 340] —In an action to recover damages for personal injuries, etc., arising from an automobile accident, the plaintiffs appeal from (1) a judgment of the Supreme Court, Rockland County (Lefkowitz, J.), entered November 29, 1993, which, upon a jury verdict as to liability, is in favor of the defendants Thomas McHale and Mary McHale and against them, (2) an order of the same court, dated January 24, 1994, which denied the plaintiffs' motion to set aside the verdict, (3) a judgment of the same court, entered March 7, 1994, which, upon the same jury verdict as to liability, is in favor of the defendants Eileen McHale and John McHale and against the plaintiffs, and (4) a judgment of the same court, entered June 20, 1994, which, upon the same jury verdict as to liability, is in favor of the defendant John W. Marcus and against the plaintiffs.

Ordered that the judgments and the order are affirmed, with one bill of costs to the respondents appearing separately and filing separate briefs.

At approximately 10:30 P.M. on July 9, 1990, Thomas McHale was driving northbound on the New York State Thruway when his car's electrical system failed. Because of traffic, he

was unable to get to the side of the road, and the car came to a stop in a traffic lane. His mother, Mary McHale, had been driving behind him and saw that he had stopped. She pulled up behind the stalled car and put her flashers on. Eileen McHale, who was a passenger in Mary McHale's car, got out to assist Thomas McHale in moving the stalled car. She sat in the driver's seat of the car as Thomas McHale attempted to push the car, from the front, to the side of the Thruway. Before he could do so, a car driven by John Marcus, in which the plaintiff Kevin McGowan was a passenger, struck Mary McHale's car from behind. Both Kevin McGowan and John Marcus testified that a car they were behind had suddenly veered to the left, and directly in front of them was an unlit car. Marcus veered to the left but the right front corner of his car hit the left rear corner of Mary McHale's car. The plaintiff Kevin McGowan alleged he was injured as a result of the accident. After a trial on liability only, the jury found that none of the defendants had been negligent. We affirm.

Contrary to the plaintiffs' contentions, the trial court properly found that the McHale defendants were entitled to an emergency doctrine charge. Viewing the evidence most favorably to these defendants, a jury could have concluded that these defendants were faced with an emergency when the car being driven by Thomas McHale lost all electrical power and lights and stalled on the Thruway (see, Ferrer v Harris, 55 NY2d 285; Perez v Navarro, 148 AD2d 509; Bassey v Mistrough, 88 AD2d 894; Hart v Scribner, 44 AD2d 59). These defendants acted in a reasonable and prudent manner under the circumstances (see, Rivera v New York City Tr. Auth., 77 NY2d 322).

Since the plaintiffs' counsel withdrew his objection to the trial court's charge on the emergency doctrine insofar as it applied to John Marcus, the issue of whether that charge was appropriate as to him was not preserved for appellate review. Likewise, by failing to object to the trial court's instructions regarding Vehicle and Traffic Law § 1129, the issue of whether the charge with respect thereto was proper was not preserved for appellate review (see, CPLR 4110-b; De Long v County of Erie, 60 NY2d 296; Freidus v Eisenberg, 71 NY2d 981).

We are satisfied that the verdict in favor of the defendant John Marcus was not against the weight of the evidence (see, Nicastro v Park, 113 AD2d 129). Bracken, J. P., Rosenblatt, Ritter and Goldstein, JJ., concur.