■ Donna Lee, Appellant, v Equitable Life Assurance Society of the United States et al., Respondents. [655 NYS2d 195] —White, J. Appeal from an order of the Supreme Court (Kahn, J.), entered February 15, 1996 in Albany County, which granted defendants' motions for summary judgment dismissing the complaint.

On January 3, 1993, plaintiff was injured when she slipped and fell on ice which had accumulated on a handicapped ramp at a shopping mall in the Town of Colonie, Albany County. Thereafter, she commenced this personal injury action against defendants, the owner of the premises, the property manager and the building maintenance company. After joinder of issue, defendants moved for summary judgment dismissing the complaint. Supreme Court granted defendants' motions and this appeal by plaintiff ensued.

Initially, we have recognized that when "weather conditions cause property to become dangerous by reason of the accumulation of ice, the law affords the landowner a reasonable time after the cessation of the storm or temperature fluctuation which caused the hazardous condition to take corrective action" (*Downes v Equitable Life Assur. Socy.*, 209 AD2d 769; *see, Fusco v Stewart's Ice Cream Co.*, 203 AD2d 667, 668; *Porcari v S.E.M. Mgt. Corp.*, 184 AD2d 556, 557). Plaintiff argues that in the case at hand questions of fact exist as to when the ice accumulated upon the ramp and whether defendants took prompt action to remedy this dangerous condition. Based upon our review of the record, we find this argument unpersuasive.

Plaintiff testified at her examination before trial that there was no precipitation between the time she left her home at 3:00 P.M. and the time she arrived at the mall. She stated that she had no difficulty walking from the parking lot to the mall entrance and that there was no precipitation during this time. She further stated that she was only in the mall for 15 to 20 minutes. When she exited the mall it had started to snow and, as she was walking down the handicapped ramp toward her car, she slipped, fell on ice and was injured.

An eyewitness to the accident stated that she arrived at the mall in the early afternoon and stayed for two to three hours. She stated that when she entered the mall, there was no precipitation and the sidewalks were clear of ice. She stated, however, that when she exited the mall she noticed that there had been precipitation, which appeared to be in the form of ice, and that the sidewalks were slippery. The climatological data included in the record reveals that freezing rain fell in the Albany area on January 3, 1993 during the hour ending at 4:00 P.M.

The foregoing evidence establishes that the icy condition of the ramp was created by precipitation which fell while plaintiff was in the mall. Since plaintiff's accident occurred before a reasonable period of time had elapsed for defendants to remedy this condition, we find that summary judgment was properly granted dismissing the complaint.

Mikoll, J. P., Mercure, Crew III and Yesawich Jr., JJ., concur. Ordered that the order is affirmed, with one bill of costs.