■ Marilyn L. LaDue et al., Respondents-Appellants, v G & A Group, Inc., et al., Appellants, and Perras Excavating Inc., Respondent. [660 NYS2d 215] —Casey, J. Appeal from an order of the Supreme Court (Demarest, J.), entered August 2, 1996 in St. Lawrence County, which, *inter alia*, granted a motion by defendant Perras Excavating Inc. for summary judgment dismissing the complaint against it and denied a cross motion by defendants G & A Group, Inc. and Massena HHSC, Inc. for summary judgment dismissing the complaint against them.

Plaintiff Marilyn L. LaDue (hereinafter plaintiff) and her husband, derivatively, commenced this personal injury action seeking damages for injuries received when plaintiff fell on the morning of December 24, 1990 on an accumulation of ice covered with a light dusting of snow in a shopping center parking lot located in the Village of Massena, St. Lawrence County, where she had gone for groceries. At the time, the shopping center was owned by defendant Massena HHSC, Inc. (hereinaf-

ter Massena) and operated by defendant G & A Group, Inc. G & A had contracted with defendant Perras Excavating Inc. for snow removal services upon the request of G & A. Perras had engaged a subcontractor to sand and salt the parking lot after its plowing if G & A requested this service.

Perras moved for summary judgment seeking dismissal of the complaint on the dual basis that, as the plowing contractor, it owed no duty to plaintiffs and that a storm had been in progress. G & A and Massena cross-moved for summary judgment dismissing the complaint against them on the ground that the accident occurred while a storm was in progress or, alternatively, within a reasonable time after the storm had ceased. They also moved for summary judgment dismissing a cross claim for contribution and/or indemnification which Perras had asserted against them. Although Supreme Court granted Perras' motion dismissing the complaint against it on the basis that Perras owed no direct duty to plaintiffs, it denied the cross motion of G & A and Massena, finding that a question of fact existed regarding whether a storm had been in progress. Plaintiffs, G & A and Massena appeal.

As the evidence establishes that Perras owed no duty of reasonable care to plaintiffs, it cannot be held liable in negligence for plaintiff's injuries (*see, Eiseman v State of New York*, 70 NY2d 175, 187; *Pulka v Edelman*, 40 NY2d 781, 782). Perras' snow removal obligation was not an exclusive property maintenance obligation (*cf., Palka v Servicemaster Mgt. Servs. Corp.*, 83 NY2d 579), as is demonstrated by G & A's control over when Perras plowed, sanded and salted the parking lot; therefore, Perras did not assume a duty to plaintiffs by virtue of its contract with G & A (*see, Autrino v Hausrath's Landscape Maintenance*, 231 AD2d 943, *lv denied* 89 NY2d 812). Consequently, Perras' motion for summary judgment dismissing the complaint against it was properly granted.

We further find that Supreme Court properly denied the cross motion of G & A and Massena. It is well settled that the storm in progress doctrine affords landowners a reasonable time after the cessation of a storm causing hazardous conditions to take corrective action (*see, Boyko v Limowski*, 223 AD2d 962, 963; *Downes v Equitable Life Assur. Socy.*, 209 AD2d 769, 770). Although it is undisputed that 5.2 inches of snow fell in the Village on the date of plaintiff's accident, the meteorological records do not demonstrate the specific hours during which the snow fell. Furthermore, there are conflicting affidavits as to whether it was snowing at the time of the accident. It is, therefore, impossible to conclude as a matter of law that a storm was in progress at the time of plaintiff's fall.

Accordingly, the order appealed from should, in all respects, be affirmed.

Cardona, P. J., Mercure, White and Carpinello, JJ., concur. Ordered that the order is affirmed, without costs.