■ STEVEN SCHLEIFMAN, Respondent, v PRIME HOSPITALITY CORPORATION, Doing Business as SHERATON HOTEL, Appellant. [668 NYS2d 258] —Yesawich Jr., J. Appeal from an order of the Supreme Court (Keniry, J.), entered April 28, 1997 in Saratoga County, which denied defendant's motion for summary judgment dismissing the complaint.

On November 20, 1993 at approximately 10:30 P.M., plaintiff was injured when he slipped and fell on an icy sidewalk at defendant's hotel in the City of Saratoga Springs, Saratoga County, while leaving the hotel after dinner. Following joinder of issue and discovery, defendant moved for summary judgment, arguing that inasmuch as the dangerous condition that caused plaintiff's fall had developed during a storm, which was still ongoing at the time of the accident, it could not be found negligent for failing to take corrective action. The motion was denied and this appeal ensued.

In support of its motion, defendant relied on the principle that a landowner must be afforded "a reasonable time after the cessation of the storm or temperature fluctuations which created the dangerous condition" to alleviate it (*Marcellus v Nathan Littauer Hosp. Assn.*, 145 AD2d 680, 681; *see, Downes v Equitable Life Assur. Socy.*, 209 AD2d 769; *Fusco v Stewart's Ice Cream Co.*, 203 AD2d 667, 668). To demonstrate its entitlement to judgment on this basis, defendant referred to plaintiff's allegation, in his verified complaint, that "during the evening severe weather conditions caused ice to build up on the sidewalk causing extremely hazardous conditions to exist". De-

fendant also tendered the affidavit of the assistant manager of the hotel, who avers that when he was informed of plaintiff's accident, approximately 10 to 15 minutes after it occurred, he observed freezing rain conditions; an incident report, in which he had recorded this observation; a sworn statement by one of plaintiff's dinner companions, who likewise stated that, at the time plaintiff fell, "a light freezing rain was falling"; and plaintiff's bill of particulars, in which he asserts that defendant was negligent "during and after an ice storm". In addition, during his examination before trial, plaintiff stated that when he arrived at the hotel at 8:45 P.M., it was "misty" and "moist", and the sidewalk was "damp and a little bit slippery".

In response to this showing that the ice buildup which caused plaintiff's fall was the result of active precipitation that had not yet subsided at the time of the accident, plaintiff submitted his own affidavit and deposition testimony, to the effect that there was no storm on the evening in question, and no precipitation was falling when he entered or exited the restaurant. He also proffered a meteorological report, which is of little evidentiary value, for it details the weather conditions in the Albany area, some 20 to 30 miles from the accident site.

The foregoing might be sufficient to raise a question as to whether there was actually a storm in progress when plaintiff fell. If a storm was indeed in progress, then defendant is not liable. Even if there was no "storm", however—as plaintiff contends—liability would only attach if defendant was shown to have had actual or constructive notice of the dangerous condition (*see, Boyko v Limowski*, 223 AD2d 962, 964; *cf., Zima v North Colonie Cent. School Dist.*, 225 AD2d 993, 994). To prevail on a theory of constructive notice, plaintiff must demonstrate that the icy condition was visible and apparent, and had existed for a sufficient period of time to allow defendant's personnel to discover and remedy it (*see, Boyko v Limowski, supra*, at 964; *Byrd v Church of Christ Uniting*, 192 AD2d 967, 969). Because the record, when viewed most favorably to plaintiff, contains nothing from which a factfinder could conclude that the icy condition had been present for any particular period of time prior to the accident, let alone for a period of sufficient duration as to warrant a finding that defendant's employees had a reasonable opportunity to take remedial action, there is no basis for denying defendant summary judgment.

Cardona, P. J., Crew III, White and Carpinello, JJ., concur. Ordered that the order is reversed, on the law, with costs, motion granted, summary judgment awarded to defendant and complaint dismissed.