■ Justina V. Seavey, Respondent, v Meliak Mobile Court, Inc., Appellant. [667 NYS2d 822] —Cardona, P. J. Appeal from an order of the Supreme Court (Donohue, J.), entered February 26, 1997 in Albany County, which denied defendant's motion for summary judgment dismissing the complaint.

On January 22, 1993 at approximately 9:00 A.M., plaintiff was injured when she slipped and fell on ice which had accumulated in the parking lot of defendant's apartment complex located in the Town of Selkirk, Albany County. Thereafter, plaintiff commenced this personal injury action against defendant. Following joinder of issue, defendant moved for summary judgment dismissing the complaint. Supreme Court denied the motion and defendant appeals.

We affirm. "[W]e have recognized that when 'weather conditions cause property to become dangerous by reason of the accumulation of ice, the law affords the landowner a reasonable time after the cessation of the storm or temperature fluctuation which caused the hazardous condition to take corrective action'" (*Lee v Equitable Life Assur. Socy.*, 237 AD2d 835, quoting *Downes v Equitable Life Assur. Socy.*, 209 AD2d 769; *see, Lopez v Picotte Cos.*, 223 AD2d 823, 824). Based upon the record before us, we agree with Supreme Court that questions of fact exist as to whether defendant had notice of the icy condition of the parking lot and a reasonable time after the cessation of the storm to remedy this condition which preclude summary judgment.

In support of its motion, defendant offered, *inter alia*, the deposition testimony of plaintiff, plaintiff's fiancé, certain nonparty witnesses as well as defendant's owner. Plaintiff testified that she arrived at the apartment complex the evening before the accident and that it started raining at about 9:00 P.M. She stated that the parking lot was not icy when she arrived. She added, however, that later that evening the rain started to freeze. When plaintiff went to her car the next morning at about 9:00 A.M., she noticed that the parking lot was a sheet of ice. While attempting to get into her car, she fell on the ice. She noticed that it had stopped raining but did not know at what time. Plaintiff's fiancé concurred that there was freezing rain the evening before the accident. He could not recall the exact time he had worked on January 22, 1993, but believed that it was at 8:00 A.M. He stated that at the time he left for work, which was at about 7:45 A.M., it had stopped raining but there was ice on the ground and it was very slippery.

Both of the nonparty witnesses testified that there was freezing rain the evening before the accident. Only one, however, could provide any insight as to the conditions the morning of the accident. This witness observed that it was still raining at about 6:00 A.M. on January 22, 1993 and stopped at about 9:00 A.M. She noticed that the condition of the parking lot was very icy and that it had not been salted or sanded. Defendant's owner, who lived near the apartment complex, could not recall the weather conditions the day of plaintiff's accident, but stated that it is normally his procedure to sand the parking lot between 4:00 A.M. and 6:00 A.M. when conditions were icy.

In addition, defendant submitted climatological data of the weather conditions at the Albany County Airport on the day of and the day before the accident. According to this data, the

temperature the day before the accident ranged from a low of 8 degrees to a high of 36 degrees and, on the day of the accident, it ranged from a low of 34 degrees to a high of 43 degrees. Moreover, the data did not indicate the presence of sleet or freezing rain during the relevant time period, but disclosed that precipitation fell the evening before the accident through the following morning ending at about 9:00 A.M.

In our view, defendant has not demonstrated that the complaint should be dismissed as a matter of law (*see, LaDue v G & A Group*, 241 AD2d 791; *Boyko v Limowski*, 223 AD2d 962). The record contains conflicting evidence as to when the freezing rain storm ended and whether defendant had a reasonable period of time in which to take corrective measures prior to plaintiff's accident. The climatological data does not exonerate defendant from liability inasmuch as it was taken from a geographic area somewhat distant from the area of the accident and is contrary to the testimony of witnesses who observed frozen precipitation in the vicinity of the accident the evening prior thereto. Accordingly, we decline to disturb Supreme Court's order.

Mikoll, Crew III, White and Spain, JJ., concur. Ordered that the order is affirmed, with costs.