■ JOSEPH REYNOLDS, Appellant, et al., Plaintiff, v MASON-VILLE ROD & GUN CLUB, INC., Respondent. [668 NYS2d 733] —White, J. Appeal from a judgment of the Supreme Court (Mugglin, J.), entered November 4, 1996 in Delaware County, which granted defendant's motion to set aside a jury verdict in favor of plaintiffs and dismissed the complaint.

Plaintiff Joseph Reynolds (hereinafter plaintiff), an officer and member of defendant, sustained injuries on March 22, 1993 when he slipped and fell on a thin coating of ice while crossing a patio leading to defendant's clubhouse. A trial on liability only was held before a jury and after the jury returned a verdict for plaintiff, Supreme Court granted defendant's motion for judgment notwithstanding the verdict.

Where, as here, weather conditions cause property to become dangerous by reason of the accumulation of ice, the law affords the landowner a reasonable time after the cessation of the storm or temperature fluctuation which caused the hazardous condition to take corrective action (*see, Downes v Equitable Life Assur. Socy.*, 209 AD2d 769). In addition, for a plaintiff to recover the landowner must also have had actual or constructive notice of the dangerous condition (*see, Palmer v B.O.C.E. S., Onondaga-Cortland-Madison Counties*, 236 AD2d 764).

Plaintiff testified that on March 22, 1993, he was the first member to arrive at the clubhouse at approximately 2:30 P.M. and that the sun was shining. He noted that when he left the clubhouse around noontime the day before, he did not see any ice on the patio. However, after he fell, plaintiff observed water dripping off the roof and freezing on the patio's floor. Lacking any climatological data, it can be inferred that the icy condition most likely began to form in the late morning/early

afternoon of March 22, 1993 and was ongoing at the time of plaintiff's fall. Under such circumstances, defendant clearly did not have a reasonable opportunity to remedy the situation (*see, Lee v Equitable Life Assur. Socy.*, 237 AD2d 835). Moreover, there is nothing in the record to indicate that defendant had actual notice of the icy condition; nor did defendant have constructive notice since that required a showing that the icy condition existed for a sufficient length of time before the accident to enable defendant to remedy it (*see, Hamilton v Rite Aid Pharmacies*, 234 AD2d 778; *Jornov v Ace Suzuki Sales & Serv.*, 232 AD2d 855; *Gernard v Agosti*, 228 AD2d 994). We note that defendant's general awareness that snow melt from the roof dripped onto the patio floor and froze does not constitute notice (*see, Piacquadio v Recine Realty Corp.*, 84 NY2d 967, 969).

Therefore, since the jury could not have reached its verdict on any fair interpretation of the evidence, Supreme Court properly granted defendant's motion and dismissed the complaint (*see, Walden v Otis El. Co.*, 178 AD2d 878, *lv denied* 79 NY2d 758).

Cardona, P. J., Mikoll, Crew III and Spain, JJ., concur. Ordered that the judgment is affirmed, with costs.