(June 8, 1998)

■ Joseph Baumgartner, Respondent, v Prudential Insurance Company of America et al., Appellants, and Sears, Roebuck & Company, Respondent. [674 NYS2d 84] —In an action to recover damages for personal injuries, the defendants Prudential Insurance Company of America and General Growth Management, Inc., appeal, as limited by their brief, from so much of an order of the Supreme Court, Suffolk County (Doyle, J.), dated April 18, 1997, as denied their motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against them, and the defendant Team Construction Co., Inc., separately appeals from stated portions of the same order.

Ordered that the appeal by the defendant Team Construction Co., Inc., is dismissed for failure to perfect in accordance with the rules of this Court (see, 22 NYCRR 670.8 [a], [e]); and it is further,

Ordered that the order is reversed insofar as appealed from by the defendants Prudential Insurance Company of America and General Growth Management, Inc., on the law, with costs, their motion is granted, the complaint and all cross claims are dismissed insofar as asserted against those defendants, and the action against the remaining defendants is severed.

The plaintiff was injured when he allegedly slipped and fell at approximately 6:00 P.M. on January 13, 1994, on a patch of ice in the parking lot of the shopping mall where he worked. The defendant Team Construction Co., Inc., had put down rock salt in the parking lot in the morning, finishing at 10:00 A.M. The plaintiff had arrived at the mall at approximately 9:30 A.M., and, at approximately 12:00 P.M., informed a mall guard of icy conditions in the parking lot. The appellants submitted climatological reports from two nearby airports which indicated that at 10:00 A.M. on the day of the incident the temperature was above freezing, and rose during the course of the day to reach a high of 37 degrees at 4:00 P.M., after which it began to

drop until approximately 7:00 P.M., when it reached a low of 30 degrees.

To establish a prima facie case of negligence in a slip and fall case, the plaintiff must show that the defendant either created the hazardous condition or had actual or constructive notice of it and a reasonable time within which to correct it or warn of its existence (*see, Maguire v Southland Corp.*, 245 AD2d 347; *Bykofsky v Waldbaum's Supermarkets*, 210 AD2d 280). A general awareness that a dangerous condition might exist is legally insufficient to constitute notice of the particular condition which caused the injury (*see, Maguire v Southland Corp., supra; Piacquadio v Recine Realty Corp.*, 84 NY2d 967, 969).

The plaintiff's comments to a mall guard concerning a general icy condition in the parking lot, made around noon, cannot as a matter of law constitute adequate notice of the specific dangerous condition which caused his injury, especially given that, after the plaintiff entered the mall, the lot had been salted and the temperatures rose above freezing. As the temperature fell below freezing only after 4:00 P.M., and continued to drop until 7:00 P.M., it cannot be said that the appellants had constructive notice or a reasonable time in which to remedy the condition (*see, Arcuri v Vitolo*, 196 AD2d 519). Miller, J. P., O'Brien, Pizzuto and Friedmann, JJ., concur.