■ SHERRY L. SARTIN, Respondent, v AMERADA HESS CORPORATION, Appellant. [681 NYS2d 837] —White, J. Appeal from an order of the Supreme Court (Best, J.), entered October 3, 1997 in Fulton County, which denied defendant's motion for summary judgment dismissing the complaint.

Plaintiff commenced this personal injury action after she slipped and fell on snow and ice, fracturing her ankle at defendant's gas station located in the City of Johnstown, Fulton County. Defendant moved for summary judgment dismissing the complaint. Supreme Court denied the motion and this appeal ensued.

Between the evening hours of February 15, 1995 and the early morning of February 16, 1995, a winter storm, which tapered off at approximately 5:00 A.M., brought snow, sleet and freezing rain to the area. On February 16, 1995, the attendant employed at defendant's gas station arrived at the station at approximately 5:45 A.M. and opened the station for business at 6:00 A.M. At approximately 6:45 A.M., plaintiff arrived at the station to get gas and while walking from the pump to pay the attendant, she slipped and fell.

It is well settled that when, as in this instance, weather conditions cause property to become dangerous by reason of the accumulation of ice or snow, the law affords the landowner a reasonable time after the cessation of the storm or temperature fluctuation which caused the hazardous condition to take corrective action (see, Seavey v Meliak Mobile Ct., 246 AD2d 902; Downes v Equitable Life Assur. Socy., 209 AD2d 769; Fusco v Stewart's Ice Cream Co., 203 AD2d 667).

There is no dispute that defendant had notice that ice had built up at the gas station creating a hazardous condition, and the relevant times are uncontroverted. The attendant who

opened the station that morning stated that he knew that there were icy conditions, that he should salt the lot and that there was calcium (salt) on hand at the station. He further testified that he had begun to put the calcium in the spreader but did not have an opportunity to spread it since he was required to complete other tasks before opening the station. After the station opened, he attended to several customers prior to plaintiff's fall. Additionally, in his deposition testimony the attendant acknowledged that he had the authority to call in extra help to assist him that morning, but that he did not do so because he felt he could handle the problem.

Since plaintiff's accident occurred approximately one hour after the attendant arrived at the station, and the conditions were concededly perilous, the question distills to whether defendant had sufficient time to alleviate the unsafe condition of the lot. Viewing the evidence in the light most favorable to plaintiff, as we must, we conclude that based on the record before us there is a question of fact whether defendant had a reasonable opportunity to correct the icy condition on its property (*see, Morgan v Genrich*, 239 AD2d 919; *Boyko v Limowski*, 223 AD2d 962). Therefore, Supreme Court properly denied defendant's motion for summary judgment.

Cardona, P. J., Mercure, Spain and Carpinello, JJ., concur. Ordered that the order is affirmed, with costs.