■ LENA GREEN, Respondent, v ELIAS KALIMIAN, as Trustee and Doing Business as GREENWOOD ESTATES, et al., Appellants. [684 NYS2d 46] —Mercure, J. Appeal from an order of the Supreme Court (Meddaugh, J.), entered June 24, 1998 in Sullivan County, which denied defendant's motion for summary judgment dismissing the complaint.

Plaintiff commenced this action alleging that defendant had negligently owned, operated and maintained his premises and had caused a hazardous condition by allowing snow and ice to accumulate thereon. Plaintiff sustained an injury to her leg

when, at approximately 7:45 A.M. on February 9, 1996, she slipped and fell on ice near a garbage dumpster at the apartment complex where she was a tenant, located in the Village of Monticello, Sullivan County. Defendant owns three apartment complexes, including Greenwood Estates in which plaintiff lived. Concluding that there were triable issues of fact as to when the storm had ceased and whether a reasonable period of time had elapsed from the cessation of the storm to give defendant an opportunity to correct the hazardous condition caused by the storm, Supreme Court denied defendant's motion for summary judgment.

We affirm. It is well settled that the law affords an owner of real property a reasonable amount of time after the cessation of a storm to undertake corrective action (*see, Baumgartner v Prudential Ins. Co.*, 251 AD2d 358; *Reynolds v Masonville Rod & Gun Club*, 247 AD2d 682; *Seavey v Meliak Mobile Ct.*, 246 AD2d 902; *LaDue v G & A Group*, 241 AD2d 791). Here, it is undisputed that during the evening hours of February 8, 1996 and the early hours of the next morning, a storm bringing freezing rain hit the area. Plaintiff testified that on the morning of her accident, she woke up at approximately 5:00 A.M. She stated that she looked out a window and saw that there was ice all over the trees but that it was not raining. She believed it had started to rain sometime between 1:00 A.M. and 3:00 A.M. Fernando Burgos, the superintendent for defendant's buildings, testified that he went outside his apartment complex that morning at approximately 6:00 A.M. and saw that freezing rain was falling. Consequently, a question of fact exists as to when the storm ceased on the morning of plaintiff's accident.

Moreover, Burgos also testified that he began salting at another apartment complex owned by defendant and upon completion of that task, at approximately 8:20 A.M., he and the two employees helping him went to Greenwood Estates. Upon their arrival, he saw that plaintiff was injured. Viewing the evidence in the light most favorable to plaintiff, the record contains evidence from which a fact finder could conclude that the icy condition existed for a sufficient period of time as to allow defendant's employees a reasonable opportunity to take remedial action (*compare, Schleifman v Prime Hospitality Corp.*, 246 AD2d 789), especially considering the fact that Burgos and the other employees had a sufficient amount of time to finish salting one of the other apartment complexes owned by defendant. Accordingly, defendant's motion for summary judgment dismissing the complaint was properly denied.

Cardona, P. J., Yesawich Jr., Carpinello and Graffeo, JJ., concur. Ordered that the order is affirmed, with costs.