■ KRISTEN REYNOLDS et al., Appellants, v SEAD DEVELOPMENT GROUP et al., Respondents. (And a Third- and Fourth-Party Action.) [684 NYS2d 361] —Graffeo, J. Appeal from an order of the Supreme Court of Schenectady County (Lynch, J.), entered October 1, 1997, which, *inter alia*, granted defendants' cross motion for summary judgment dismissing the complaint.

Plaintiff Kristen Reynolds (hereinafter plaintiff) and her husband commenced this action to recover money damages for injuries sustained when she fell leaving the building where she worked. As plaintiff exited the front door of the building and proceeded to walk down a ramp leading to the parking lot, she slipped and fell on a "sheet of ice" which had formed during a rain and ice storm. Plaintiffs' action was brought against the owners of the premises alleging negligent maintenance of the premises and vicarious liability for the defective design and construction of the ramp. Defendants commenced a third-party action against the architect of the ramp, Clover Architectural Group P. C. and Barry, Bette & Led Duke, Inc., the construction contractor. Clover moved for summary judgment and defendants cross-moved for summary judgment on the ground that they were not required to clear snow and ice during a "storm in progress". Supreme Court granted defendants' cross motion which thereby rendered Clover's motion moot. Plaintiff now appeals.

It is well settled that a landowner has a reasonable time in which to address a storm-related snow or ice condition on its property subsequent to the cessation of the storm and is not required to take any corrective actions while a storm is still in progress (*see, Amazon v British Am. Dev. Corp.*, 216 AD2d 702; *Downes v Equitable Life Assur. Socy.*, 209 AD2d 769; *Fusco v Stewart's Ice Cream Co.*, 203 AD2d 667). Our review of the record discloses no evidence to contradict defendants' contention that plaintiff's fall occurred as the result of an ice condition which formed during a storm in progress. Therefore, the cause of action based on the failure to remove snow and/or ice from the area in which plaintiff fell was properly dismissed.

However, where, as here, the public is invited onto the premises, the owners have a "nondelegable duty to provide the public with a reasonably safe premises and a safe means of ingress and egress" (*June v Zikakis Chevrolet*, 199 AD2d 907, 909). Accordingly, defendants, in their capacity as owners of the premises, may be held vicariously liable for the alleged negligent design and construction of the ramp by Clover and Barry, Bette & Led Duke, Inc., who were hired by defendants (*see, Richardson v Schwager Assocs.*, 249 AD2d 531; *June v*

*Zikakis Chevrolet, supra*; *Thomassen v J & K Diner*, 152 AD2d 421, *appeal dismissed* 76 NY2d 771; *cf., Coffey v Dormitory Auth.*, 26 AD2d 1).

In opposition to defendants' cross motion, plaintiffs submitted an affidavit of a professional engineer which indicated that the ramp was dangerous and defective since it was not designed or constructed in accordance with the State Building Code and accepted engineering and construction practices. Viewing the evidence in a light most favorable to the nonmoving party (*see, Dykstra v Windridge Condominium One*, 175 AD2d 482), defendants have failed to satisfy their initial burden of making a prima facie showing of entitlement to judgment as a matter of law (*see, Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851; *Zuckerman v City of New York*, 49 NY2d 557) on the issue of vicarious liability for the alleged negligent design and construction of the ramp. Accordingly, defendants' cross motion for summary judgment should have been denied.

Since Supreme Court did not consider Clover's motion as its decision rendered it moot, this motion shall be remitted for determination.

Cardona, P. J., Mercure, Spain and Carpinello, JJ., concur. Ordered that the order is modified, on the law, without costs, by reversing so much thereof as granted the cross motion of defendants for summary judgment on the cause of action premised upon vicarious liability for the architect and general contractor's alleged negligent design and construction of the ramp; said motion denied and the remaining undecided motion is remitted to the Supreme Court for further proceedings not inconsistent with this Court's decision; and, as so modified, affirmed.