■ CAROL M. BORDEN, Appellant, v WILMORITE, INC., Defendant, and FRANK SANTORO & SONS et al., Respondents. [706 NYS2d 230] —Mugglin, J. Appeal from an order of the Supreme Court (Caruso, J.), entered April 21, 1999 in Schenectady County, which, *inter alia,* granted defendants' motions for summary judgment dismissing the complaint.

On March 8, 1996, plaintiff fell and was injured in the parking lot of the Rotterdam Square Mall (hereinafter the Mall), owned by Rotterdam Square Associates, L. L. P. Within the 24-hour period prior to plaintiff's accident, approximately 15 inches of snow had fallen and it was still snowing when plaintiff arrived at the Mall. Although defendant Frank Santoro & Sons (hereinafter Santoro), the snowplow contractor hired by defendant Genesee Management, Inc., the property manager of the Mall, had plowed the parking lot prior to plaintiff's arrival, plaintiff claimed that a dusting of snow covered the parking lot. As plaintiff walked towards the Mall, she claims that she slipped on a sheet of black ice hidden beneath the dusting of snow.

Plaintiff commenced three separate actions as a result of this incident; the first against defendant Wilmorite, Inc., who plaintiff believed to be the owner of the Mall, the second against Santoro and the third against Genesee and Rotter-

dam.[1] All defendants moved for summary judgment for dismissal of the complaint claiming that plaintiff fell during a storm in progress and that any contention that the ice upon which plaintiff fell was "old ice," formed prior to the storm, was purely speculative. Wilmorite also claimed it had no duty to plaintiff because it neither owned nor managed the Mall and had no maintenance obligations. Plaintiff opposed the respective motions (except that by Wilmorite) and cross-moved for an order seeking to compel the remaining defendants to respond to discovery demands previously served. Supreme Court granted defendants' motions and dismissed the complaint against all defendants. Plaintiff now appeals.

With respect to Santoro, plaintiff contends that issues of fact exist concerning whether Santoro created or increased the dangerous hazard, i.e., the black ice. As a threshold matter, we note that plaintiff did not specifically make this argument before Supreme Court. Instead, plaintiff submitted an affidavit from a meteorologist which concluded that the ice had formed in the parking lot at least three days before the accident. Additionally, in Supreme Court, plaintiff contended that Santoro's motion should be denied since Santoro failed to disclose facts in their possession essential to justify opposition to the motion.

We find no merit to these arguments and conclude Supreme Court properly granted summary judgment to Santoro. A contractor for snow removal owes a duty of reasonable care to users of the surface only if the contractor has an exclusive property maintenance obligation (see, Palka v Servicemaster Mgt. Servs. Corp., 83 NY2d 579, 589; LaDue v G & A Group, 241 AD2d 791, 792). Here, Genesee's contract with Santoro did not create an exclusive property maintenance obligation since the decision as to when each plowing would commence was made by Genesee (see, LaDue v G & A Group, supra, at 792; Phillips v Young Men's Christian Assn., 215 AD2d 825, 825-826). Further, the record demonstrates that employees of Genesee also engaged in snow removal activities and had the sole responsibility for sanding the premises as needed.[2] The theory that Santoro created or increased the hazard is also inconsistent with the evidence that plaintiff produced before Supreme Court suggesting that the ice formed at least three days prior

---

1. The first two actions were consolidated by stipulation on March 30, 1998. All three were consolidated pursuant to stipulation on October 30, 1998.

2. The use of ice-melting chemicals on the premises was prohibited by the Department of Environmental Conservation.

to the accident. Finally, we are not convinced that any outstanding discovery demands preclude a grant of summary judgment to Santoro. Plaintiff has failed to demonstrate that the material sought would be indicative of any duty of reasonable care owed by Santoro to plaintiff.

As to Genesee and Rotterdam, plaintiff argues that Supreme Court's grant of summary judgment was improvident because discovery was not complete. Although issue was joined in this action in July 1998, the record reveals that the only discovery undertaken by plaintiff as to these defendants was the examination before trial in September 1998 of a representative of Genesee. Plaintiff now contends that discovery is necessary to explore the possibility that these defendants had either actual or constructive notice of the icy condition which allegedly formed on March 5, 1996 and precipitated plaintiff's fall on March 8, 1996. Finally, plaintiff contends that as the proponent of a motion for summary judgment, these defendants were obligated to prove the absence of actual or constructive notice before plaintiff had an obligation to come forward on this issue.

We are convinced, after a thorough review of the record, that plaintiff's arguments have no merit. Plaintiff has failed to submit any evidence that suggests that any hazardous condition was visible and apparent at any time prior to the accident so that defendants would have notice of, and an appropriate opportunity to remedy, the hazard. Although plaintiff traversed the specific area in which she fell on a daily basis going to and from work, her testimony fails to establish the existence of the ice patch at any time other than the day she fell. Reliance upon plaintiff's expert opinion is too speculative and conjectural to support any finding of actual or constructive notice (see, Granato v Bella Vista Group Assocs., 239 AD2d 781, 783; Jornov v Ace Suzuki Sales & Serv., 232 AD2d 855, 857; Gernard v Agosti, 228 AD2d 994, 995). Also, plaintiff's claim that further discovery is necessary in an effort to establish the existence of actual or constructive notice is without foundation. Although plaintiff's time in which to conduct discovery with respect to Genesee and Rotterdam was relatively short, there is no suggestion that these parties can assist plaintiff's conjectural theory that "old ice" caused her fall.

Cardona, P. J., Crew III, Carpinello and Graffeo, JJ., concur. Ordered that the order is affirmed, without costs.