■ JOSE ANTONIO CALIX, Respondent, v NEW YORK CITY TRANSIT AUTHORITY, Appellant. [789 NYS2d 219]—

In an action to recover damages for personal injuries, the defendant appeals from an interlocutory judgment of the Supreme Court, Kings County (Hubsher, J.), entered March 10, 2004, which, upon the denial of its motions pursuant to CPLR 4401 for judgment as a matter of law made at the close of the plaintiff's case and at the close of evidence, respectively, and upon a jury verdict on the issue of liability finding it 50% at fault in the happening of the accident, is in favor of the plaintiff and against it on the issue of liability.

Ordered that the judgment is affirmed, with costs.

Contrary to the defendant's contentions, it was not entitled to judgment as a matter of law dismissing the complaint based on the "storm-in-progress" rule. Although the defendant introduced into evidence at trial certain climatological data indicating precipitation at Central Park, John F. Kennedy International Airport, and LaGuardia Airport at the time of the accident, there was conflicting testimony as to whether a storm was in progress at the time and specific location of the accident (in Brooklyn, where weather conditions conceivably could have been different from the areas from which the climatological data was taken), including a conflict between the deposition and trial testimony of an employee of the defendant. Under the circumstances, an issue of fact existed as to whether there was a storm in progress at the time and location of the accident (*see Olejniczak v E.I. Du Pont De Nemours & Co.,* 998 F Supp 274, 281 [1998]; *Howard v J.A.J. Realty Enters.,* 283 AD2d 854 [2001]; *Green v Kalimian,* 257 AD2d 912 [1999]; *LaDue v G & A Group,* 241 AD2d 791 [1997]).

The court erred in permitting the plaintiff to present evidence at trial suggesting that the defendant was negligent in failing to provide adequate lighting at the site of the plaintiff's accident. The plaintiff did not include this theory in his notice of claim and substantially altered the nature of his claim (*see Kane v Triborough Bridge & Tunnel Auth.,* 8 AD3d 239 [2004]; *Rodriguez v New York City Tr. Auth.,* 286 AD2d 681 [2001]). However, the jury ultimately found that the defendant was not negligent with regard to inadequate lighting and based its finding of negligence solely upon the defendant's failure to remove icy conditions from the site of the plaintiff's accident. Since the result would have been the same even if the improperly admitted evidence had been excluded, the error in admitting such evidence was harmless (*see Rizzuto v Getty Petroleum Corp.,* 289 AD2d 217 [2001]; *Barracato v Camp Bauman Buses,* 217 AD2d 677 [1995]).

Since the defendant's counsel affirmatively withdrew his objection to the portion of the court's charge stating that the defendant had notice of the unsafe condition in question, he failed to preserve his claim for appellate review that this portion of the charge improperly usurped the jury's fact-finding role (*see McGowan v Marcus*, 216 AD2d 371, 372 [1995]). In any event, under the circumstances, this contention is without merit. Schmidt, J.P., Adams, Cozier and S. Miller, JJ., concur.