OPINION OF THE COURT
Philip J. Patti, J.
In the instant motion, the defendant seeks summary judgment dismissing the claim relying, inter alia, on the theory that the defendant cannot be held liable for claimant’s injuries because of the “storm in progress” doctrine. This theory holds essentially that any landowner, and specifically the State here, must be afforded a reasonable period of time to respond to the effects of a weather event, and should not and cannot be held liable in negligence for injuries sustained while the “storm is in progress.” This claim sounds in negligence for a slip and fall accident occurring at Orleans Correctional Facility on or about April 7, 2003 involving claimant Michael E. DeGregorio. Inasmuch as the claim of Brooke DeGregorio is derivative, reference hereinafter to claimant shall mean Michael E. DeGregorio.
The defendant argues first that there is a failure to have satisfied the requirement of Court of Claims Act § 11 (b) that the “time when” the claim accrued be articulated with a sufficient degree of specificity. A review of the underlying papers upon which the defendant relies will help define the argument. The notice of intention to file a claim (exhibit A) alleges in paragraph “4” that the claim accrued at Orleans Correctional Facility “[o]n or about April 7, 2003 at approximately 7:50 a.m.” The claim (exhibit B) alleges in paragraph “7” that the cause of action accrued “[o]n or about the 7th day of April 2003 at approximately 7:50 a.m.” (also see para “3” thereof, albeit without the time noted). The amended claim (exhibit D) alleges in paragraphs “3” and “7” that the cause of action accrued “[o]n or about April 7, 2003 at approximately 7:50 a.m.” The claimant’s verified bill of particulars (exhibit F) alleged that the accident occurred “on April 7, 2003 at approximately 7:50 a.m.”
The defendant avers that during the course of disclosure it became clear that there was “no April 7, 2003 accident involving Claimant at all; however, Claimant did report a slip-and-fall *1092 accident allegedly occurring on the walkway described in the Claim on April 8, 2003,” and provides support therefor from a report of inmate injury (exhibit H), an excerpt from claimant’s ambulatory health record (exhibit I) and the fire and safety officer’s log (exhibit J).
It is now acknowledged that the complained of incident occurred on April 8, 2003, not April 7, 2003. The defendant would deprive claimant of his day in court for his putatively calendar-challenged recitations of the date of accident. However, except for claimant’s bill of particulars, every recitation theretofore of the “time when” contained an “on or about” qualifier.
To the extent that defendant’s motion suggests a failure to have complied with the “time when” requirement of section 11 (b), it is emphatically denied. I have recently addressed the parameters of “on or about,” particularly in the realm of correctional facilities, and there is nothing before me in that regard which warrants a revisitation of such a commonsense approach (Cain v State of New York, Ct Cl, Mar. 1, 2006, Claim No. 110724, Motion Nos. M-70782, CM-70921 [UID No. 2006-013-006]).[1] Cain involved the same defense counsel and an identical one-day parameter.
Thus, I hold that the term “on or about” certainly includes at least a range of 24 hours or one day from the specific date referenced. While I would not expect future motions ostensibly relying upon Court of Claims Act § 11 (b) when the “on or about” refinement is utilized and the purported date discrepancy is one day or less,[2] measurably greater variations of time would likely have to be addressed on ad hoc bases. It is somewhat disconcerting to review attempts to avoid responding to the merits of the lawsuit on such a contrived argument.
The sounder grounds for dismissal rely upon the theory that the incident took place while there was a “storm in progress,” which affords the State a reasonable time after the cessation of the storm to take corrective actions (LaDue v G & A Group, 241 AD2d 791 [1997]; Freund v State of New York, 137 AD2d 908 [1988], lv denied 72 NY2d 802 [1988]). Defendant urges that it has “established” that there was a storm in progress at the Orleans Correctional Facility on or about 7:50 a.m. on April 8, 2003, and thus it cannot be held answerable in dam *1093 ages for the injuries sustained by claimant. Claimant, not surprisingly, urges the existence of material questions of fact respecting the weather conditions, requiring a trial to resolve. I agree.
It is not necessary to recite every factual, testimonial and documentary assertion made by the defendant in support of its motion, but I will briefly synopsize its grounds. It provides exhibit K, climatological data from the National Oceanic and Atmospheric Administration (NOAA) for April 2003, which it asserts are weather records for Albion and Rochester, New York. My review of that exhibit does not definitively establish the weather, including the precipitation on an hourly basis in Albion during the April 7 and April 8 period, as the NOAA data seemingly reflects such information for Rochester, which is alleged to be at a distance of over 50 miles from Albion.
Claimant cogently argues that the watch commander’s log (exhibit T) for 6:50 a.m. on April 8, 2003, which reads “32° Snow,” may be interpreted in different ways. For example, it does not say “snowing.” This does not make any determination regarding whether the weather was snowing, that trace amounts (or flurries) were falling, or merely reports snow on the ground, but for purposes of summary judgment it does not establish as a matter of law that there was a storm in progress.
The claimant has also raised questions of fact relative to the adequacy of the snow removal efforts that apparently had been undertaken on April 8, 2003 at 2:55 a.m. (watch commander’s log, exhibit T), and whether the same may have created or exacerbated a dangerous condition. I realize that the defendant has included information relative to a disaster emergency declared by Governor Pataki on April 5, 2003 for areas including Orleans County (exhibit A to defendant’s reply affirmation), and that “[i]t is well settled that a landowner has a reasonable time in which to address a storm-related snow or ice condition on its property subsequent to the cessation of the storm and is not required to take any corrective actions while a storm is still in progress” (Reynolds v Sead Dev. Group, 257 AD2d 940, 940 [1999]). Thus, a question arises regarding the purported snow removal efforts at 2:55 a.m., if indeed there was still, as alleged, a storm in progress.
Interestingly, the claimant also raises the issue of whether, as an inmate in a correctional facility whose movements are under the total and complete control of the defendant, he should have *1094 been precluded from traversing the area where he fell en route from the dormitory to the schoolhouse, if, as the State proffers, there was indeed a storm in progress.
There are too many unresolved material questions of fact that require a trial. The defendant’s motion is denied.

. Decisions and selected orders of the New York State Court of Claims are available on the Internet at <www.nyscourtofclaims.state.ny.us>

. What lesser period of time could such phraseology mean?