■ VINCENT S. TAGGART, Appellant, v JANET SHAW et al., Respondents. [828 NYS2d 184]—In an action to recover damages for personal injuries and wrongful death, the plaintiff appeals, as limited by his brief, from so much of (1) an order of the Supreme Court, Suffolk County (Loughlin, J.), dated March 29, 2005, as denied that branch of his motion pursuant to CPLR 4404 (a) which was to set aside the verdict with respect to the defendant Janet Shaw as against the weight of the evidence, and (2) a judgment of the same court entered June 1, 2005, as, upon the order and upon the jury verdict, is in favor of the defendant Janet Shaw and against him, dismissing the complaint.

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is affirmed insofar as appealed from; and it is further,

Ordered that one bill of costs is awarded to the respondent Janet Shaw.

The appeal from the intermediate order must be dismissed because the right of appeal therefrom terminated with the entry of the judgment in the action (*see Matter of Aho,* 39 NY2d 241, 248 [1976]). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment (*see* CPLR 5501 [a] [1]).

The Supreme Court providently exercised its discretion in denying that branch of the plaintiff's motion which was to set aside the verdict with respect to the defendant Janet Shaw as against the weight of the evidence. "The standard for determining whether a jury verdict is against the weight of the evidence is whether the evidence so preponderated in favor of the movant that the verdict could not have been reached on any fair interpretation of the evidence" (*Tapia v Dattco, Inc.,* 32 AD3d 842, 845 [2006]; *see Lolik v Big V Supermarkets,* 86 NY2d 744, 746 [1995]; *Harris v Marlow,* 18 AD3d 608, 610 [2005]). Here, the verdict in favor of Shaw is supported by a fair interpretation of the evidence.

The plaintiff's contentions regarding the Supreme Court's evidentiary rulings are without merit.

Further, the plaintiff's claim that the Supreme Court erred in charging the jury on the emergency doctrine is unpreserved for appellate review (*see* CPLR 4110-b; *De Long v County of Erie,* 60 NY2d 296, 306 [1983]; *McGowan v Marcus,* 216 AD2d 371, 372 [1995]). Schmidt, J.P., Rivera, Santucci and Krausman, JJ., concur.